ZENOBIA Co., INC., Plaintiff, *v.* AMERICAN PISTACHIO CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, April 27, 1938.

*Ferris & Moynahan* [*George A. Ferris* of counsel], for the plaintiff.

*Goldstein & Goldstein* [*Joseph W. Ferris* of counsel], for the defendants George B. Zaloom and Khoren Basmadjian.

*David Haar,* for the defendants American Pistachio Corporation, Ernest F. Zaloom, Harry Basmadjian, Fathallah Coussa, Habib Rassi and Constantine Debany.

*Morris Kirschstein,* for the defendants Pistachio Sales Co., Edgar Debany, Ann Saqqal, and Edward Tabac.

CHURCH, J.  The plaintiff corporation has brought this action for an injunction to restrain alleged unfair and unlawful competition on the part of the various defendants, for an accounting and for damages.

The plaintiff, a domestic corporation, was organized in January, 1926, to engage in the business of dealing in pistachio and other kinds of nuts.

The defendants do not dispute the claim of the plaintiff that prior to 1921 Salim F. Zaloom, at present an officer and director of the plaintiff corporation, had been experimenting with improved methods of salting and coating unshelled pistachio nuts.  Nor is there any serious controversy over the ownership by the plaintiff of rights under two patents covering such improved process for roasting, salting and coating the unshelled pistachios.  The fact seems to be also that the plaintiff corporation, employing the methods and processes covered by its patents, has prospered in the business of producing " white coated " pistachio nuts and selling the same to wholesalers and jobbers dealing in such merchandise.  The plaintiff looks upon the defendant corporation and the individual defendants as business rivals, except the defendant Edward Tabac, as to whom the litigation was on consent dismissed on the merits without costs.

The plaintiff in order to succeed in this action must establish that the " white coated " pistachio nuts which it produces and sells are treated by a secret process; that such secret process has been wrongfully obtained and disclosed by the defendants, and that the product marketed by the defendants is obtained through the use of such secret process.

" The typical and most common case of unfair competition consists in the palming off of the goods of one trader for those of another. * * * It is said that nothing less will constitute unfair competition." *Neva-Wet Corp.* v. *Never Wet Processing Corporation* (277 N. Y. 163).

In the case at bar there is no express palming off by the defendants of their goods as the goods of the plaintiff.  There was no fraudulent

representation by word or act that the goods caused to be processed by any of the defendants were processed by the plaintiff.

This court is not the proper forum in which to litigate a case involving infringement of patent rights, even assuming an infringement existed. (*New Era Electric Range Co.* v. *Serrell,* 252 N. Y. 107; *Zenie* v. *Miskend,* 245 App. Div. 634; affd., 270 N. Y. 636.) The plaintiff failed to sustain the burden of proof that there was on the part of any of the defendants any breach of contract warranting an injunction, an accounting, or other equitable relief.

The plaintiff offered testimony to establish the publication by the defendants of an advertisement in the name of the defendant Pistachio Sales Company, Inc., to the effect that this defendant was producing pistachio nuts coated white by a new process superior to that employed by the plaintiff. Such statements, even if known to be false, cannot establish the claim of the plaintiff that the defendants have been guilty of unfair and unlawful competition.

The plaintiff attempted to prove that the defendant corporations and the individual defendants deceived the trade into believing that the products of the defendants were the same as the products of the plaintiff. The term " white coated " pistachio nuts, even if considered as a term intimately associated with the products of the plaintiff, " represents merely an idea and is merely descriptive of the articles to which the term is attached and indicates characteristic qualities and the nature of the article. * * * If so, it is not subject to exclusive appropriation." See *Neva-Wet Corporation of America* v. *Never Wet Processing Corporation* (277 N. Y. 163).

In the present case the burden was upon the plaintiff to establish, in addition to its possession of trade secrets, the transmission of such secrets and the use of such secrets by the defendants. *Kaumagraph Co.* v. *Stampagraph Co.* (235 N. Y. 1). The patents owned by the plaintiff, as well as that which has been acquired by the defendant, and the methods and processes therein disclosed for coating pistachio nuts, are not secret. Neither are any of the matters disclosed in the various lawsuits in the Federal Court involving the same matters and some of the same individuals as are involved in the present case. To say that because products of the defendants approximate, or even duplicate in many details, those of the plaintiff, does not establish the use of an identical method or process. Identity of products, even if proved, as it was not, does not establish the disclosure of secrets by the defendants nor does it prove that the defendants are using information wrongfully obtained from the plaintiff.

The plaintiff has failed to sustain the burden of proof that the defendants, or any of them, have committed any acts of unfair or unlawful competition.

Judgment is accordingly directed against the plaintiff and in favor of the defendants dismissing the complaint on the merits, with costs. Proposed findings of fact and conclusions of law have been passed upon as indicated on the papers submitted. Present on notice decision, containing verbatim (without repetition of identical findings) all findings and conclusions which have been found, together with final judgment.