GIGUERE v THE DETROIT EDISON COMPANY

Docket No. 50521. Submitted November 10, 1981, at Detroit.—Decided February 3, 1982.

Glen A. Giguere, an employee of Harlan Electric Company, was killed in an accident while rewiring certain utility poles belonging to The Detroit Edison Company. Harlan had contracted with Detroit Edison to rewire the poles, and the contract explicitly provided that Harlan would indemnify Edison for any liability for injuries caused by Edison's own negligence. Gene E. Giguere, administrator of the estate of Glen A. Giguere, filed suit against Edison in Wayne Circuit Court, asserting several allegations of negligence. Edison denied any wrongdoing and filed a third-party action against Harlan, seeking both contractual and common-law indemnity. Plaintiff and Edison entered into an agreement whereby plaintiff would proceed against Edison solely on the theory that the work involved was inherently dangerous and Edison would admit that the work was inherently dangerous and that decedent's death was the result of the inherently dangerous nature of the work. Harlan moved for both a continuance and a separate trial on Edison's indemnification claim, arguing that it was surprised and prejudiced by the agreement between plaintiff and Edison. Both motions were denied, Joseph B. Sullivan, J. Following trial, the jury rendered a verdict in favor of plaintiff and awarded damages of $750,000, finding that the activity was inherently dangerous, that Harlan was negligent and that Edison was also negligent, but that its negligence was not a proximate cause of the accident. Edison moved for and was granted entry of judgment on the third-party claim for indemnification, Joseph B. Sullivan, J. Harlan appeals. *Held:*

1. The trial court did not err in ruling that Edison was entitled to contractual indemnity.

2. Edison is not precluded from asserting its contractual

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts § 244.

41 Am Jur 2d, Indemnity § 13 *et seq.*

[2] 17 Am Jur 2d, Contracts § 272.

[3] 41 Am Jur 2d, Indemnity § 15.

[4] 81 Am Jur 2d, Workmen's Compensation § 50.

indemnity claim by the exclusive remedy provision of the Worker's Disability Compensation Act.

3. Harlan's argument that a third-party plaintiff cannot be indemnified by a plaintiff's employer for its concurrent negligence because to do so would be akin to contribution, forbidden by Michigan courts, applies only to situations where a contract to indemnify is not involved.

4. The trial court did not abuse its discretion by denying Harlan's motions for severance and a continuance. Harlan was not surprised or prejudiced by the agreement between plaintiff and Edison since its defense at trial was not altered by that agreement.

Affirmed.

1. INDEMNITY — CONTRACTS — INTENT OF PARTIES — FREEDOM FROM FAULT.

Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties; freedom from fault, which is necessary in common-law indemnity, is not required for a recovery on the basis of contractual indemnity.

2. INDEMNITY — CONTRACTS — CONSTRUCTION OF CONTRACTS.

Indemnity contracts are construed most strictly against the party who drafts them and against the party who is the indemnitee; in ascertaining the intentions of the parties not only the language used in the contract but also the situation of the parties and the circumstances surrounding the contract must be considered.

3. INDEMNITY — CONTRACTS — NEGLIGENCE — CONSTRUCTION OF CLAUSES — INTENT OF PARTIES.

A contract of indemnity will not be construed to indemnify the indemnitee against losses which are the result of his own negligence unless such intention is expressed in clear and unequivocal terms.

4. ACTIONS — PARTIES — JOINDER OF PARTIES — INDEMNITY — WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

An employer may be joined as a third-party defendant on an indemnity theory without disturbing the exclusive remedy clause of the Worker's Disability Compensation Act where a clear expression of intent to indemnify is contained in a written agreement between the employer and the primary defendant in an action brought by an employee of the employer who was injured in the course of his employment while performing work for the benefit of the primary defendant (MCL 418.131; MSA 17.237[131]).

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.,* for Detroit Edison Company.

*Deneberg, Tuffley, Thorpe, Bocan & Patrick* (by *John L. Hopkins, Jr., and Ilene Gordon),* and *Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Ronald F. DeNardis),* for Harlan Electric Company.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. . Third-party defendant, Harlan Electric Company (hereinafter Harlan), appeals from a judgment entered in favor of third-party plaintiff, Detroit Edison Company (hereinafter Edison), on the latter's claim for contractual and common-law indemnification.

The trial testimony established that Harlan contracted with Edison concerning the rewiring of certain utility poles. The agreement contained an indemnification provision. In May, 1976, plaintiff's decedent, an employee of Harlan, was killed in an accident while he and a co-worker were near the top of one of the 40-foot poles. A rope hanging from the utility pole was blown by the wind into an adjacent street and caught on the bumper of a passing automobile. The pressure exerted on the rope caused the pole to break and both workers fell to the pavement.

In May, 1976, plaintiff filed a suit against Edison and asserted several allegations of negligence. Edison denied any wrongdoing and, in September of 1977, filed a third-party action against Harlan seeking both contractual and common-law indemnity.

Less than one week before trial, which commenced on January 31, 1980, plaintiff and Edison

entered into an agreement whereby plaintiff would drop several allegations of negligence contained in the complaint and proceed against Edison solely on the theory that the work involved was inherently dangerous. In return, Edison agreed to admit that the work was inherently dangerous and that decedent's death was the result of the inherently dangerous nature of the work.

Harlan then moved for both a continuance and a separate trial on Edison's indemnification claim. Harlan argued that it was surprised and prejudiced by the agreement between plaintiff and Edison. The trial court denied both motions. The court stated that plaintiff could change trial tactics at any time, that all issues could be resolved in one trial and that plaintiff's claim that the work was inherently dangerous was known to Harlan from the beginning of the proceedings.

After an eight-day trial, the jury rendered a verdict in favor of plaintiff. The jury determined that the activity was inherently dangerous and that Harlan was negligent. The jury also found that Edison was negligent, but that its negligence was not a proximate cause of the accident. Seven hundred fifty thousand dollars in damages was awarded to plaintiff. Edison then moved for an entry of judgment on the third-party claim for indemnification. The trial court granted this motion and entered a judgment in favor of Edison on both contractual and common-law indemnity.

Harlan makes three arguments on appeal: (1) The trial court abused its discretion in denying its motions for a severance and a continuance; (2) Edison is not entitled to contractual indemnification; and (3) Edison is not entitled to common-law indemnification. We will first address Harlan's claim with respect to contractual indemnification

since the resolution of this issue affects the disposition of the remaining two allegations of error.

In *Peeples v Detroit,* 99 Mich App 285, 294-296; 297 NW2d 839 (1980), this Court stated the applicable law regarding contractual indemnity:

"Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties. *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335, 339; 274 NW2d 58 (1978). In ascertaining the intentions of the parties, one must consider not only the language used in the contract, but also the situation of the parties and the circumstances surrounding the contract. *Gartside, supra.* Indemnity contracts are construed most strictly against the party who drafts them, and against the party who is the indemnitee. *Gartside, supra, Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977).

* * *

"'* * * Freedom from fault is not required for a recovery on the basis of contractual indemnity. *Nanasi v General Motors Corp,* 56 Mich App 652, 659; 224 NW2d 914 (1974).

* * *

"It is well-settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses which are the result of his own negligence, unless such intention is expressed in clear and unequivocal terms. *Fireman's Fund American Ins Cos, supra, Hubbert v Acme Equipment Co,* 55 Mich App 313, 315-316; 222 NW2d 224 (1974)." (Footnote omitted.)

In the instant case, the parties entered into a contract which contained the following provision:

"Contractor covenants and agrees that it shall indemnify and hold Edison, and all of its officers, agents and employes, harmless from any claim, loss, damage, cost, charge or expense, whether to any person or property or both, arising directly or indirectly out of Contrac-

tor's, or any of its Subcontractor's, performance of the Contract, to which Edison or any of its officers, agents or employes may be subject or put by reason of *any act, action, neglect or omission on the part of Contractor, any of its Subcontractors or Edison,* or any of their respective officers, agents and employes, except that neither Contractor nor any of its Subcontractors shall be liable under this section for damages arising out of injury or damage to persons or property directly caused by or resulting from the sole negligence of Edison, or any of its officers, agents or employes, as required by Michigan Act No 165, PA 1966, as amended." (Emphasis added.)

This contract explicitly provides that Harlan will indemnify Edison for injuries caused by Edison's own negligence and, on appeal, Harlan does not contend otherwise. See *Hayes v General Motors Corp,* 106 Mich App 188; 308 NW2d 452 (1981) (indemnification provision with similar language construed to manifest an intent to indemnify the owner of the property for its own acts of negligence). Harlan does argue, however, that although the contract provides that it would indemnify Edison for Edison's negligence *or* Harlan's negligence, it does not cover a situation where both Harlan *and* Edison are negligent. We reject this construction of the contract.

In the last clause of the indemnification provision, the contract specifically provides that Harlan is not liable for any damages due to injuries arising from Edison's sole negligence. This clause was inserted in order to comply with MCL 691.991; MSA 26.1146(1). Therefore, the only possibility for indemnification against Edison's negligence lies where both parties are concurrently negligent. If the contract were construed otherwise, the indemnification provision would be both internally inconsistent and a violation of Michigan law. Therefore,

we conclude that the trial court did not err in ruling that Edison was entitled to contractual indemnity.

Harlan also contends that Edison is precluded from asserting its contractual indemnity claim due to the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). Harlan relies on *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979). However, *Darin & Armstrong* is distinguishable from the present case since the intent to indemnify is clearly apparent from the language used in the contract between Harlan and Edison. Where such a clear expression of an intent to indemnify is contained in a written agreement, an employer may be joined as a third-party defendant on an indemnity theory without disturbing the exclusivity clause of the Worker's Disability Compensation Act. *Ready v Clark Equipment Co,* 91 Mich App 474; 283 NW2d 650 (1979), *Diekevers v SCM Corp,* 73 Mich App 78; 250 NW2d 548 (1976), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974).

Harlan also calls to our attention the statement in *Darin & Armstrong* that the third-party plaintiff could not be indemnified by the plaintiff's employer for its concurrent negligence since this would be akin to contribution, forbidden by Michigan courts.[1] However, the cases cited by the *Darin & Armstrong* panel, in support of this assertion, explicitly limit their holdings to situations where a contract to indemnify was not involved. In *Husted*

---

[1] In *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128, 136; 276 NW2d 869 (1979), the Court stated:

"Nor could the provision be utilized to indemnify Darin & Armstrong for its concurrent negligence; this would be akin to contribution, which is forbidden by Michigan courts where workers' compensation is involved. *Husted, supra; Minster, supra; Jordan v Solventol Chemical Products, Inc,* 74 Mich App 113; 253 NW2d 676 (1977)."

*v Consumers Power Co,* 376 Mich 41, 48, 50, 56-57; 135 NW2d 370 (1965), the Court stated:

*"First: Has Consumers pleaded a right to indemnity?*

"This must be the essence of Consumers' position as third-party plaintiff. It relies particularly on *Blackford v Sioux City Dressed Pork, Inc,* 254 Iowa 845 (118 NW2d 559 [1963]). *Blackford's* specific underpinning is *Ryan Stevedoring Co, Inc v Pan-Atlantic Steamship Corp,* 350 US 124 (76 S Ct 232; 100 L Ed 133 [1956]). Neither case has application here, there being no allegation by Consumers upon strength of which this Court might conclude that a contractual relationship, express or equitably implied, for indemnity by Hertel-Deyo in favor of ·Consumers, existed at the time plaintiff was injured.

\*   \*   \*

"\* \* \* In the case before us there is, of course, no claim that Hertel-Deyo correspondingly contracted to indemnify Consumers. And we cannot accept Consumers' bare legal conclusion, that Hertel-Deyo's negligence was "active" and Consumers' negligence was "passive", as framing an issue for determination of the presence of a contract of indemnity, or of a tort-created right to indemnity (as in *Westchester Lighting Co v Westchester County Small Estates Corp,* 278 NY 175 [15 NE2d 567 (5 NYS2d 278 [1938])], cited by Consumers). On this record, looking at the two declarations in array with the two third-party complaints, one can only conclude that Consumers and Hertel-Deyo would, in the absence of intervention of a workmen's compensation law, be deemed joint tort-feasors.

\*   \*   \*

"\* \* \* An obligation to reimburse can be implied by equitable principles, provided always the relator is without personal fault. Loss occasioned by vicarious liability, there being no such personal fault of the one seeking indemnity or reimbursement, is an example. See *Lunderberg v Bierman* [241 Minn 349; 63 NW2d 355; 43 ALR2d 865 (1954)] *supra,* 352, and application in that case of Restatement's principle (Restatement

Restitution, § 96, p 418); also the Cooley quotation appearing in *Hart Twp v Noret,* 191 Mich 427, 432 [158 NW 17 (1916)] (LRA 1916F 83). In the case at bar, however, Consumers has supplied nothing upon which such an obligation may be implied. Nor has it pleaded anything in the nature of an agreement to indemnify, as in the *Ryan Stevedoring* case."

Since there is a contract to indemnify in the present case and its language indicates a clear intent to indemnify, Harlan's reliance on *Darin & Armstrong* is misplaced.

Having already decided that Edison was entitled to indemnification based on the contract between the parties, we need not address the arguments raised by Harlan with respect to any common-law indemnification claims.

Finally, we have carefully reviewed the numerous allegations of error asserted by Harlan with respect to the trial court's denial of its motions for severance and a continuance. We find no abuse of discretion.

The agreement reached between plaintiff and Edison prior to the trial merely narrowed the number of contested issues and did not add any new claims to be defended by Harlan. If Edison was entitled to indemnification under its contract with Harlan, even for damages resulting partially from its own negligence, Harlan's only defense would be that it did not engage in any negligent conduct or that the damages resulted solely from Edison's negligence. Harlan was aware of this, or should have been aware of this, from pleadings filed more than two years prior to trial. Since we have ruled that Edison was entitled to such contractual indemnification, the agreement by the plaintiff to abandon its claims of negligence as to

Edison was not prejudicial to Harlan. The allegations of negligence by Harlan's employees were not modified by this stipulation and Harlan knew from the beginning that it would have to defend against those claims. Harlan cannot claim surprise or prejudice from the agreement between plaintiff and Edison since its defense at the trial was not altered by that agreement.

Affirmed. Costs to appellee.