LANGLEY v HARRIS CORPORATION

Docket No. 65966. Argued November 10, 1981 (Calendar No. 10).—
Decided June 28, 1982.

William L. Langley was severely injured in the course of his employment with the King-Seeley Thermos Company when a die-cutting press manufactured by the T. W. & C. B. Sheridan Company malfunctioned. He brought an action against the Harris Corporation, Sheridan's successor, alleging negligence in the design and manufacture of the press and breach of express and implied warranties of merchantability and fitness; against his employer for knowingly allowing him to operate a dangerous press; and against other companies involved in the repair of the press and the manufacture and distribution of components used in the repair. King-Seeley moved for summary judgment on the ground that the workers' compensation act provided the plaintiff's exclusive remedy against the employer. The Wayne Circuit Court, Roman S. Gribbs, J., granted the motion. The Court of Appeals, M. J. Kelly, P.J., and R. B. Burns and Bashara, JJ., affirmed in an unpublished opinion per curiam (Docket No. 78-2050). Harris then brought a third-party action against King-Seeley for indemnity. King-Seeley moved for summary judgment on the ground that Harris had failed to state a claim upon which relief could be granted. The motion was granted, Roman S. Gribbs, J. The Court of Appeals, V. J. Brennan, P.J., and Bronson and Deming, JJ., affirmed (Docket No. 45977). Harris appeals.

In a unanimous opinion by Justice Fitzgerald, the Supreme Court *held:*

A defendant successor corporation in a products liability action is not entitled to indemnity from the employer of the injured plaintiff.

1. A successor corporation may be held liable for products liability claims arising from activities of its predecessor where the acquisition transaction demonstrates a continuity of enterprise. The liability arises by operation of law.

2. Indemnity relates to the obligation of one party to make

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur 2d, Indemnity § 41.

good a loss another has incurred while acting in its behalf or at its request. The obligation to indemnify may arise under an express agreement or by implication because of a special relationship between the parties.

3. In this case, there is no relationship between Harris and King-Seeley on which to base a right of indemnification. Harris's liability to the plaintiff arises solely by operation of law because of its status as a successor corporation. King-Seeley's liability toward the plaintiff is governed by the workers' compensation act, which provides the plaintiff's exclusive remedy against it.

103 Mich App 287; 303 NW2d 1 (1980) affirmed.

PRODUCTS LIABILITY — SUCCESSOR CORPORATIONS — INDEMNITY — WORKERS' COMPENSATION.

A successor corporation which is a defendant in a products liability action by a plaintiff injured in the course of his employment while using a product manufactured by the corporation's predecessor is not entitled to indemnity from the plaintiff's employer, absent an express agreement of indemnification or a special relationship between the corporation and the employer which would carry with it an implied obligation of indemnification; the obligation of the employer to the plaintiff is governed by the exclusive remedy provision of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

*Butzel, Long, Gust, Klein & Van Zile* (by *Xhafer Orhan* and *Daniel P. Malone)* for defendant Harris Corporation.

*Martin, Bacon & Martin, P.C.* (by *James N. Martin* and *Robert Patrick George),* for defendant King-Seeley Thermos Company.

FITZGERALD, J. This case presents the issue whether a defendant successor corporation in a products liability action is entitled to indemnity from the employer of the injured plaintiff employee. We hold that it is not and affirm the decision of the Court of Appeals.

## I

Plaintiff William L. Langley was employed by the King-Seeley Thermos Company. He was severely injured when the die-cutting press he was operating allegedly double-tripped. The press was designed, manufactured and sold by the T. W. & C. B. Sheridan Company (Old Sheridan). The Harris Corporation is the successor corporation to Old Sheridan, having purchased its entire business in 1964.[1]

Langley filed suit against the Harris Corporation, among others, alleging negligence in the design and manufacture of the press and breach of express and implied warranties of merchantability and fitness. Additional counts were filed against the electrical company that repaired the press, the company that manufactured and distributed the components used to repair the press, and the King-Seeley Thermos Company, plaintiff's employer, for knowingly allowing plaintiff to operate the allegedly dangerous press.

King-Seeley filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) on the ground that plaintiff's exclusive remedy against his employer was under the workers' compensation act.[2] This motion was granted by the trial court and affirmed on appeal.

[1] For a complete account of the transfer agreement, see *Turner v Bituminous Casualty Co,* 397 Mich 406; 244 NW2d 873 (1976). In 1972, Harris sold the assets of the Sheridan press business to the Bruno-Sherman Company. Bruno-Sherman continues to operate the business as a going concern. See *Trimper v Bruno-Sherman Corp,* 436 F Supp 349 (ED Mich, 1977), which held that Bruno-Sherman may be held vicariously liable in a products liability personal injury action.

[2] MCL 418.131; MSA 17.237(131): "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer."

Harris Corporation then filed a third-party complaint against King-Seeley for indemnity. King-Seeley moved for summary judgment to dismiss the third-party complaint for failure to state a claim upon which relief could be granted. The motion was granted. In a per curiam opinion, the Court of Appeals affirmed. *Langley v Harris Corp,* 103 Mich App 287; 303 NW2d 1 (1980). This Court granted leave to appeal the summary judgment on the third-party complaint. 411 Mich 973 (1981).

## II

Harris Corporation, third-party plaintiff-appellant, argues that in a products liability personal injury action, an alleged successor corporation which neither designed, manufactured nor sold the product involved, whose potential liability is non-voluntary, non-statutory, classic vicarious liability without personal fault, should be entitled to indemnity from an employer who negligently, maliciously and intentionally caused the injuries suffered by its employee. We note that the mere statement of the issue is cumbersome because this case involves the convergence of products liability law, workers' compensation law, the theory of successor corporate liability, and the principle of indemnity.

In *Turner v Bituminous Casualty Co,* 397 Mich 406; 244 NW2d 873 (1976), this Court held that an acquiring corporation may be held liable for products liability claims arising from activities of its predecessor corporation if the transaction demonstrates the requisite "continuity of enterprise". This significant departure from traditional corporate theory rested heavily on the public policy implicit in products liability law that the manufac-

turer is best able to provide for the risk of defective products. The *Turner* decision involved the same corporate transfer of assets as in the case before us. It is Harris Corporation's contention that as a successor corporation its liability can only be characterized as passive, secondary negligence, vicarious liability irrespective of personal fault that arises by operation of law.

So characterizing its liability, Harris then argues that on the basis of the principles set forth by this Court in *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972), an implied contract of indemnity arises in favor of one free of active or personal fault who is held responsible solely by operation of law. Harris acknowledges that as to the injured party a successor corporation may be estopped to deny that it is an actual manufacturer. However, Harris believes that this estoppel need not and should not be extended to deny the successor corporation the right to prove that, as between itself and the actual negligent party, the successor corporation committed no wrong and was only liable by operation of law. Permitting a successor corporation to obtain indemnification from the party or parties responsible in fact for the injuries sustained, Harris argues, would place liability on the party best situated to adopt preventive measures. This would serve to prevent future injuries by making the policy of accident prevention a practical priority in the State of Michigan.

Indemnity relates to the obligation of one person or entity to make good a loss another has incurred while acting for its benefit or at its request. See 42 CJS, Indemnity, § 1, p 564; 41 Am Jur 2d, Indemnity, § 1, p 687. While the right frequently arises out of an express contract to indemnify, it can also

be based on an implied contract or be imposed by law. Resting on the equitable principles of a right to restitution and unjust enrichment, the general rule is that "[a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." Restatement Restitution, § 76, p 331.

Indemnity should be distinguished from contribution. Contribution distributes a loss among joint tortfeasors, requiring each to pay its proportionate share; indemnity shifts the entire loss from the party who has been forced to pay to the party who should properly bear the burden. See Prosser, Torts (4th ed), § 51, pp 310-313. The right to indemnity may arise, in the absence of an express agreement, to prevent a result regarded as unjust or unsatisfactory where the relationship between the parties entitles the one held liable to shift its total loss.

It has long been held in Michigan that the party seeking indemnity must plead and prove freedom from personal fault. This has been frequently interpreted to mean that the party seeking indemnity must be free from active or causal negligence. *Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1976); *Indemnity Ins Co of North America v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104 (1946); *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965); *Liberty Mutual Ins Co v Curtis Noll Corp,* 112 Mich App 182; 315 NW2d 890 (1982). If a party breaches a direct duty owed to another and this breach is the proximate cause of the other party's injury, that is active negli-

gence. Where the active negligence is attributable solely to another and the liability arises by operation of law, that is passive negligence.

The mere assertion of passive negligence, however, is not sufficient to automatically allow indemnity by Harris since the party from whom indemnity is sought is the plaintiff's employer, traditionally entitled to invoke the protection of the workers' compensation statutes.

Workers' compensation laws have been carefully structured to establish and define the rights and liabilities as between employer and employee. Statutory compensation is an employee's exclusive remedy when an injury is sustained in the course of employment. *Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975); *Bednarski v General Motors Corp,* 88 Mich App 482; 276 NW2d 624 (1979). When it is alleged that the employer's negligence has contributed to or is responsible for the injury,[3] the policies underlying the exclusive remedy provision of the compensation laws clash with the principle of indemnity that liability should be borne by the wrongdoer. Indeed, Professor Larson has called this issue "the most evenly-balanced controversy in all of workmen's compensation law". Larson, *Workmen's Compensation: Third Party's Action Over Against Employer,* 65 Northwestern U L Rev 351 (1970).

This Court has allowed a third party held liable to a plaintiff employee to recover indemnity from the plaintiff's employer despite the bar of the exclusive remedy provision. In *Dale v Whiteman,*

---

[3] Even when the employee alleges gross negligence on the part of the employer, if an injury is sustained in the course of employment, workers' compensation benefits are the employee's exclusive remedy. *Sewell v Bathey Mfg Co,* 103 Mich App 732; 303 NW2d 876 (1981).

*supra,* an employee of a car wash was injured by a car being driven by another employee of the car wash. The automobile's owner was allowed to re-cover indemnity from the car wash owner-em-ployer. Recovery was based on the fact that the car's owner was without personal fault, liability arising solely because of the owner's liability stat-ute. The car wash owner was vicariously liable for the negligence of its employee.[4]

[4] The *Dale* Court, after enumerating the theories upon which in-demnity may be based, wrote:

"In this case, the right to indemnity might be predicated upon the theory of a bailment * * *. Or it might be implied as a part of the undertaking of Goldfarb to wash the car in a workmanlike fashion * * *. We prefer to base such right upon the equitable principle that Whiteman was without personal fault or as the United States Su-preme Court reasoned in *Italia Societa per Azioni di Navigazione v Oregon Stevedoring Co, Inc,* 376 US 315, 324; 84 S Ct 748; 11 L Ed 2d 732 (1964): '[L]iability should fall upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury.' " 388 Mich 706.

The idea that "liability should fall upon the party best situated to adopt preventive measures" has been quoted as one of the basic principles of indemnity. See *Minster Machine Co v Diamond Stamp-ing Co,* 72 Mich App 58; 248 NW2d 676 (1976); *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979); *Peeples v Detroit,* 99 Mich App 285; 297 NW2d 839 (1980); *McPike v Die Casters Equipment Corp,* 504 F Supp 1056 (WD Mich, 1980).

However, correlating absence of personal fault with the standard that liability should be borne by the party that is best able to adopt preventive measures erroneously elevates to a general criteria of indemnity the Supreme Court's holding in the *Italia* decision. *Italia* was an admiralty case based on federal maritime law. A shipowner sought indemnity from a stevedore company for breach of the compa-ny's implied warranty of workmanlike service after a defective rope, non-negligently supplied by the company, injured one of the compa-ny's employees. The defect in the rope was latent. The Court's decision rested on the ground that the defective rope rendered the ship unseaworthy; neither party was held to have been negligent. In the absence of negligence, the Court employed a comparative test, comparing the ability of both parties to prevent the injury. Liability was imposed where the degree of fault on the part of the company was minimal and the fault of the shipowner nonexistent.

The Court said, "recovery in indemnity for breach of the stevedore's warranty is based upon an agreement between the shipowner and stevedore and is not necessarily affected or defeated by the shipown-er's negligence, whether active or passive, primary or secondary." *Italia,* 321.

This Court has consistently held that the active negligence of a

In *McLouth Steel Corp v A E Anderson Construction Corp*, 48 Mich App 424; 210 NW2d 448 (1973), the Court held that McLouth, the owner of a blast furnace, was entitled to indemnity from Anderson, the contractor hired to tear down and reline the furnace. Anderson's employee was injured when a charge of dynamite was exploded inside the furnace. The employee sued McLouth, alleging claims based on negligence, the inherently dangerous nature of Anderson's operation, and strict liability because of the ultrahazardous activity of Anderson, its contractor. The parties' contract included an indemnity provision, though this was not the sole basis of the court's opinion allowing indemnity. See also *Provencal v Parker, supra; Nanasi v General Motors Corp*, 56 Mich App 652; 224 NW2d 914 (1974); *Venters v Michigan Gas Utilities Co*, 493 F Supp 345 (WD Mich, 1980).

While these cases demonstrate that indemnity has been allowed by the courts, it is apparent that they all present instances where the third party seeking indemnity and the employer stand in a special legal relationship which permits enforcement of indemnity without offending the exclusive remedy provision.

"Practically all authorities, including texts and Restatements, would agree that, if the indemnitee has become liable on purely technical or vicarious grounds, his constructive 'fault' should not bar his right of indemnity against one who has saddled him with liability through genuinely tortious conduct. This would include an indemnitee made liable, for example, solely by an automobile Owner's Liability Statute, or by a

party will preclude the recovery of indemnity. In cases where negligence is alleged, we reject the notion that the *Italia* comparative test is an appropriate consideration. See 2A Larson, Workmen's Compensation Law, § 76.62(e), pp 14-670—14-674.

nondelegable duty with respect to the condition of premises." 2A Larson, Workmen's Compensation Law, § 76.72, pp 14-718—14-719.

The case before us is significantly different. The crucial distinction is apparent when we examine the nature of the relationship between Harris, a successor corporation in a products liability action, and King-Seeley, the employer, for there is, in fact, no relationship on which to base the right to indemnity. Indemnity serves to shift the burden of loss when equity so requires; however, the right can only be enforced where liability arises vicariously or by operation of law from the acts of the party from whom indemnity is sought.

Harris's relationship to King-Seeley is that of manufacturer-seller to buyer. While this may be termed a type of contractual relation, it is not one along which the obligation to indemnify can run. When a purchaser buys a product, there is no duty imposed that insures that the goods will be used in such a way as not to create liability in the manufacturer. See *Bullock v Black & Decker, Inc,* 502 F Supp 580 (ED Mich, 1980); 2A Larson, Workmen's Compensation Law, § 76.84, pp 14-745—14-756. In this case, Harris's liability stems from Old Sheridan not King-Seeley. King-Seeley's obligations run to its employee; there is no separate duty owed to the manufacturer of the press which allegedly caused the injury itself. We agree with Professor Larson's summary of the issue:

"[W]hen the relation between the parties involves no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity, since what governs is not the delictual or contractual form of the remedy but the question: is the claim 'on

account of the injury, or on account of a separate obligation running from the employer to the third party?" 2A Larson, *supra,* § 76.84, pp 14-755—14-756.[5]

Decisions in the federal courts, our Court of Appeals, and other jurisdictions support this position. See *Prosky v National Acme Co,* 404 F Supp 852 (ED Mich, 1975); *Saad v John E Smith's Sons Co,* 399 F Supp 523 (ED Mich, 1975); *McPike v Die Casters Equipment Corp,* 504 F Supp 1056 (WD Mich, 1980); *Diekevers v SCM Corp,* 73 Mich App 78; 250 NW2d 548 (1976); *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976); *Houdaille Industries, Inc v Edwards,* 374 So 2d 490 (Fla, 1979).

Harris's status as a successor corporation is the basis of its liability to plaintiff Langley. Though this liability arose solely by operation of law, we believe that to allow indemnity against the employer would impermissibly distort the *Turner* concept of successor liability. This is not a situation in which the equitable principles of indemnity should be allowed to penetrate the exclusive remedy provision of our workers' compensation laws.

The judgment of the Court of Appeals is affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.

---

[5] When the liability of the employer is "on account of" the injury to the employee, workers' compensation is the exclusive remedy. If liability to indemnify arises "on account of" the employers' contract or relationship with the third party, the exclusive remedy clause will not preclude the action.