**Charles KEIL, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third–Party Plaintiff,**

v.

**CHAFFEE ROOFING CO., INC., Third–Party Defendant.**

**Civ. A. No. 87 CV 73152 DT.**

United States District Court, E.D. Michigan, S.D.

Dec. 13, 1988.

Lee B. Steinberg, Southfield, Mich., for Charles Keil.

Geneva Halliday, Asst. U.S. Atty., Detroit, Mich., for U.S.

Matthew W. Schlegel, Southfield, Mich., for Chaffee Roofing Co.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This matter is before the Court on Magistrate Virginia M. Morgan's Report and Recommendation of November 21, 1988 that third-party defendant's motion for summary judgment be denied. No objections have been filed to the Report and Recommendation.

Title 28, U.S.C. § 636(b)(1) states:

Within ten days after being served with a copy [of the magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and the recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

As there have been no objections to the Magistrate's Report and Recommendation, and as a careful review of the record indi-

348

cates that the Magistrate reached the correct conclusions, the Court shall accept and adopt the Report and Recommendation.

The Court notes that, since objections to the Magistrate's Report and Recommendation were not filed, the parties have waived their right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Accordingly,

IT IS HEREBY ORDERED that the Magistrate's Report and Recommendation of November 21, 1988 is ACCEPTED and ADOPTED.

IT IS FURTHER ORDERED that third-party defendant Chaffee's motion for summary judgment is DENIED.

## MAGISTRATE'S REPORT AND RECOMMENDATION DENYING CHAFFEE ROOFING'S MOTION FOR SUMMARY JUDGMENT

VIRGINIA M. MORGAN, United States Magistrate.

The matter before the court is the motion for summary judgment by the third-party defendant, Chaffee Roofing. The original action involves a claim for personal injuries by Keil, an employee of Chaffee Roofing, against the United States. Jurisdiction is vested in the court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. Chaffee Roofing (Chaffee) had contracted with the Army Corps of Engineers to perform roof replacement at the United States Army Tank Command Detroit Arsenal (Tacom) in Warren, Michigan. The case arose from an incident on September 4, 1984, when Keil, while employed by Chaffee Roofing, was working on the roof and allegedly slipped on debris, fell, and injured himself. Keil received worker's compensation from Chaffee Roofing as his exclusive tort remedy against his employer under state law. He then filed this suit against the United States, as the general contractor, alleging that the United States was negligent. The United States, in turn,

brought suit against Chaffee Roofing to enforce the indemnification clause in the contract between it and Chaffee.

In the motion, Chaffee seeks dismissal of the suit filed against it by the government. The United States responded and oral argument was heard. At oral argument, the court gave the parties ten days to submit supplemental briefs on the following issues: the status of joint and several liability in Michigan, and any public policy arguments against enforcing an indemnification clause which would require the employer to pay the same amount which would be payable under a theory of "contribution." The supplemental briefs have been submitted and the motion is ready for decision.[1]

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In ruling on a motion for summary judgment, the Supreme Court's recent decision in *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), provides guidance. The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. *Id.* 477 U.S. at 325, 106 S.Ct. at 2554. Instead the Court said, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.;* see also, *Roby v. Center*

1. Neither party specifically addressed the issues on which the court requested briefing. Supplemental briefs were permitted only to address those issues.

*Companies,* 679 F.Supp. 664 (E.D.Mich. 1987).

Both parties agree that the only issue before this court is whether the contractual indemnification clause between the United States and Chaffee permits the United States to recover from Chaffee where an action for contribution against Chaffee would be barred under state law because of the exclusivity provision of worker's compensation. The government, at oral argument, conceded that it does not seek indemnification on the basis of either common law or an implied contractual right, but relies on the express language of the contract.

■ At the outset, definition of the two principle terms in this case, contribution and indemnification, is necessary. Generally, contribution distributes a loss among joint tort feasors, requiring each to pay its proportionate share. *Langley v. Harris Corp.,* 413 Mich. 592, 321 N.W.2d 662, 665 (1982) (citing Prosser, *Torts,* 51 (4th Ed.)). Indemnification "shifts the entire loss from the party who has been forced to pay to the party who should properly bear the burden." *Id.* A right to indemnification may arise through an express contract or through an implied contract or by law. *Id.* Absent an express contract, indemnification will arise only where equity so requires. *Id.*

■ Because the employee's exclusive tort remedy against the employer Chaffee is the Worker's Disability Compensation Act[2], a party who has been sued by an employee for work-related injuries no longer has a right of contribution against the employer. *Husted v. Consumers Power Co.,* 376 Mich. 41, 135 N.W.2d 370 (1965); Prosser, *Torts,* 50 (5th Ed., 1984).

In this case, the amount of indemnification under the contract may equal the amount which would have been awarded as contribution in tort. In other words, the contractual clause authorizes recovery of the same amount which would be barred if

this were an action for contribution. At first blush, this case seems simplistic. At issue is the interpretation of a clause in a federal contract. However, underlying the interpretation are issues of state law which are in flux superimposed on the Supreme Court's construction of a strikingly similar indemnification clause.

■ The indemnification clause at issue here provides as follows:

> The Contractor shall ... be similarly responsible for all damages to persons or property that occur as a result of his fault or negligence. He shall take proper safety and health precautions to protect the work, the workers, the public, and the property of others.

This is a federal contract. Federal contracts are to be interpreted according to federal law. *United States v. Seckinger,* 397 U.S. 203, 210, 90 S.Ct. 880, 885, 25 L.Ed.2d 224 (1970). In *Seckinger,* a similar clause was interpreted to require indemnification on a comparative fault basis. *Id.* at 216, 90 S.Ct. at 887. Thus, each party was required to pay in proportion, that is, to the extent of its own negligence. The Court, in construing the clause against the government-drafter, rejected the government's argument that the clause required indemnification for all amounts the government was required to pay. *Id.* at 210, 90 S.Ct. at 885. Such an interpretation would have included amounts attributable solely to the government's own negligence. Here, the government seeks to recover under the contract only indemnification for that portion of the recovery attributable to Chaffee's negligence. Thus, its request is proper under federal law. The extent of the government's and/or Chaffee's negligence is to be determined by looking to state law. This is because the action by plaintiff Keil against the United States is brought under the Federal Tort Claims Act (FTCA), which utilizes state law to determine liability in tort. 28 U.S.C. § 1346(b).

In Michigan, tortfeasors are held jointly and severally liable. *Margain v. Maize*

*and Blue Properties, Inc.,* 753 F.2d 47 (6th Cir.1985). This means that a plaintiff can elect to sue one or all of the tortfeasors and still recover his entire damages. *Callaghan's Mich. Civ. Jur.,* Torts–Joint Tortfeasors, § 11 (1985). "Where two or more causes combine to produce such a single result, incapable of any reasonable division, each may be a substantial factor in bringing about the loss, and if so, each is charged with all of it." Prosser, § 52.

In this case, there was one accident causing harm to plaintiff. The negligence of the United States and of Chaffee could each have been in a substantial factor; but the government could be required to pay for all damages awarded the plaintiff even though it was not the only negligent party. Therefore, the United States has sued Chaffee for indemnification under the contract to recover the amount of damages proportionate to Chaffee's negligence.

Chaffee makes two arguments against its liability. First, Chaffee argues that the government can be held liable only if it itself was negligent. Chaffee claims that the government cannot be held liable vicariously because of any negligence by Chaffee and so the indemnification clause will never come into play. Second, the defendant argues that the exclusivity provision of the Michigan Worker's Disability Compensation Act (Worker's Comp.) voids the contractual indemnification clause where the injured party is an employee of Chaffee.

### Chaffee's First Argument:
### The Government is Only Liable for Its Own Negligence

■ Chaffee's assertion that in the main action, *Keil v. United States,* the government can be held liable only if it was negligent and cannot be held liable vicariously, will be accepted as true for the purpose of this motion. Thus, if there is no negligence which is attributable to the government, the court cannot find against the United States. Chaffee then takes this argument one step farther and asserts that because the government only seeks indemnification to the extent of Chaffee's negligence, and Chaffee has not been charged by Keil with

any negligence, there is no contractual right of indemnification.

This argument is without merit and misstates the issue before the court. The question here is, assuming that the court finds the United States negligent and allows plaintiff to recover all his damages for injuries sustained as the result of the accident, can the United States then be indemnified by Chaffee to the extent that Chaffee was also negligent?

As noted earlier, Michigan follows the doctrine of joint and several liability. *Bass v. Spitz,* 522 F.Supp. 1343, 1350 (E.D.Mich. 1981). A plaintiff at the outset of a lawsuit has no obligation to join all tortfeasors. Plaintiff can choose to sue only one tortfeasor, who may then be required to pay plaintiff *all* damages even though such defendant may not have been the only tortfeasor. See, Callaghan's, *Torts,* § 11. Thus, Keil need not sue Chaffee directly, and indeed such action would be barred by worker's compensation law. Nonetheless, the degree of Chaffee's negligence will be an issue litigated in this suit in order to determine the liability, if any, of the government.

The tort liability of the respective parties has not been determined. The contractual liability between the United States and Chaffee comes into play only if the court determines that the government is liable. The contract calls for Chaffee's share in any such liability to be measured according to tort principles of negligence. However, the basis for the measurement of indemnification is not determinative of the contractual duty to indemnify. For example, the government could be held liable in tort to plaintiff for 100 percent of damages even if it was only 10 percent negligent and Chaffee was 90 percent negligent. Chaffee would then have a duty under the contract to pay the government 90 percent of the award. Although Chaffee resolved its duty in tort to Keil by payment of worker's compensation, Chaffee has a separate duty in contract to the government to indemnify it. Chaffee's first argument against indemnification is without merit.

*Chaffee's Second Argument: The Contract Clause is Void as in Conflict With The Worker's Compensation Statute*

▪ Chaffee submits that the United States is barred from recovering contractual indemnification, where the amount would be equivalent to that recoverable as a contribution, since an action for contribution would be barred by the exclusivity provisions of the Michigan workers' compensation statute. Essentially, Chaffee wants to void its contractual obligation as against state public policy.

However, at least two Michigan courts of appeal and one federal district court have held that such exclusivity provisions have no effect when the source of recovery sought by the defendant against the employer is an express contract for indemnification. *Paquin v. Harnischfeger Corp.*, 113 Mich.App. 43, 317 N.W.2d 279 (1982); *Giguere v. Detroit Edison Company*, 114 Mich.App. 452, 319 N.W.2d 334 (1982); *Burdo v. Ford Motor Company*, 588 F.Supp. 1319 (E.D.Mich.1984). In *Burdo*, the court noted:

> "The exclusive remedy provision of the Worker's Disability Compensation Act strikes a balance between the interests of the employer and employee, whereby the employer is relieved of liability for its tortious conduct which results in injury to the employee in return for its contributions to the insurance fund.... Ford's right to indemnification ... does not derive from the fact that Haden might have been a joint tortfeasor, responsible in part for plaintiff's injury. Rather, Ford is entitled to recover under the indemnification provision, which provides an independent contractual right secured ... as part of the total bargain struck...."

*Id.* at 1323.

Chaffee argues that these cases should not be followed because each involved a contract clause which required the employer to idemnify the first party defendant for *all* damages regardless of employer's negligence. Here, because the measure of damages for which Chaffee would be re-sponsible is measured comparatively, the amount is only a proportionate share. See, *United States v. Seckinger.* Thus, Chaffee argues that it could be held to pay all the damages, but it is void as against public policy for it to pay only part of the damages. This argument makes no sense.

Chaffee asks this court to follow the reasoning of *Beaudin v. Michigan Bell*, 157 Mich.App. 185, 403 N.W.2d 76 (1986), in which Michigan Bell sought indemnification from plaintiff's employer on the basis of a tariff agreement. Chaffee contends that this case supports its argument that recovery is barred by the exclusivity provisions of worker's compensation laws. The case does not discuss the interaction of the exclusivity provision with indemnification agreements. The only issue before the court was the proper construction of the clause in the tariff. The court affirmed the trial court's construction of the indemnification clause and dismissed the case. For these reasons, this case is unpersuasive.

Defendant also relies on the case of *Darin & Armstrong, Inc. v. Ben Agree Co.*, 88 Mich.App. 128, 276 N.W.2d 869 (1979), where the court refused to enforce a contractual indemnification provision against an employer because it found that to require payment for concurrent negligence would be akin to contribution which is barred. 276 N.W.2d at 873. However, the Michigan Court of Appeals later criticized the reasoning in *Darin* and refused to follow it. *Giguere v. Detroit Edison Co.*, 319 N.W.2d 334, 337. The *Giguere* court noted that those cases which provided the basis for the reasoning of the *Darin* decision involved situations where there was no express contract of indemnification. *Id.* Here, as in *Giguere*, the contract between the government and Chaffee contains an express and clear indemnification clause. The exclusivity provision of the Worker's Compensation Act operates to shield employers from tort liability. The government is not seeking contribution in tort; it is seeking to enforce the contractual duty of indemnification agreed to by Chaffee. Thus, Chaffee's second argument is also without merit.

**352**

*Conclusion*

Chaffee's duty to the government arises from an express provision of the contract. It is not a claim for contribution in tort. Therefore, it is not barred by the exclusivity provision of the Worker's Compensation Act. The measure of indemnification based on comparative negligence, i.e., principles of tort liability, does not render the provision void. The government is entitled to enforce the indemnification clause to recover from Chaffee a proportionate share of the damages measured on a comparative fault basis. Accordingly, it is recommended that Chaffee's motion be denied.

The parties are hereby informed that objections may be filed to this Report and Recommendation within ten days after being served with a copy thereof as provided for in 28 U.S.C. § 636(b)(1)(C) and Local Rule C–4 and that failure to file objections may constitute a waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). See also, *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Dated: Nov. 21, 1988.