PIPER AIRCRAFT CORPORATION v DUMON

Docket No. 48871. Submitted October 20, 1980, at Detroit.—Decided December 1, 1981.

Piper Aircraft Corporation, David W. Logan, Milton H. Berz, Jr., and Mary J. Berz were found to be jointly and severally liable for damages to several persons injured in an airplane crash. Logan was the pilot and the Berzes were the owners of the aircraft. Piper subsequently brought an action for contribution against Gerald M. Dumon, administrator of the estate of David Logan, deceased, and Mr. and Mrs. Berz, claiming that it had paid more than its pro rata share in satisfaction of the judgments. The Logan estate defaulted. Piper and the Berzes each moved for summary judgment. The Oakland Circuit Court, John N. O'Brien, J., granted judgment in favor of the Berzes, finding that Piper was not entitled to contribution because the Berzes' liability, based solely on the aircraft owners' liability statute, was of a passive nature. Piper appeals. *Held:*

The statute governing contribution among joint tortfeasors, which was in effect at the time the action was brought and which controls, provided that each joint tortfeasor who had paid more than his pro rata share of a judgment was entitled to contribution from the other joint tortfeasors. Piper was, therefore, entitled to contribution. Further, the proper procedure for the Berzes to dispute the extent of their liability would have been a cross-claim against Piper in the original action.

Reversed.

1. TORTS — JOINT TORTFEASORS — CONTRIBUTION.

A joint tortfeasor was entitled, under the former contribution statute, to contribution from the other tortfeasors to the extent that the first party had paid more than his pro rata share of costs, interest and principal in satisfaction of a judgment against all of the joint tortfeasors (MCL 600.2925[1]; MSA 27A.2925[1], since repealed).

REFERENCES FOR POINTS IN HEADNOTES

[1] 74 Am Jur 2d, Torts § 73 *et seq.*
[2] 74 Am Jur 2d, Torts § 71.

2. Torts — Joint Tortfeasors — Cross-Claims.

 The proper procedure for a codefendant to litigate the question of
 the extent of his liability to the plaintiff as a joint tortfeasor is
 to bring a cross-claim against the other alleged tortfeasor.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.*
(by *Thomas M. Peters* and *Mark D. Willmarth)*, for
plaintiff.

*Buchanan, Ogne & Jinks, P.C.* (by *G. Cameron
Buchanan* and *Scott R. Eckhold)*, for defendants
Berz.

Before: Danhof, C.J., and M. J. Kelly and D. L.
Sullivan,* JJ.

Per Curiam. On March 29, 1969, several persons
were injured in the crash of a private airplane
piloted by David W. Logan. The airplane, which
had been manufactured by Piper Aircraft Corpora-
tion, was owned by Milton H. Berz, Jr., and Mary
Jane Berz, doing business as Berz Flying Service,
and had been rented from the owners by Logan.
The parties injured in the crash instituted two
separate law suits against Logan, the Berzes and
Piper Aircraft. Both cases resulted in jury verdicts
for the plaintiffs. The liability of Piper Aircraft
was based on a products liability theory, while the
liability of the Berzes was based solely on the
aircraft owners' liability statute, MCL 259.180(a);
MSA 10.280(1). The judgments entered in these
actions did not recite the basis for liability; each
stated that Logan, the Berzes and Piper Aircraft
were jointly and severally liable for the damages
awarded. Both judgments were satisfied.

On June 21, 1977, the action for contribution
which led to the instant appeal was commenced by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff Piper Aircraft against defendants Gerald
M. Dumon, administrator of the estate of David W.
Logan, deceased, and the Berzes. In its complaint,
plaintiff sought recovery of $44,049.06. It claimed
to have paid in excess of its pro rata share of the
costs, interest and principal due under one of the
judgments described above. The action was based
on MCL 600.2925; MSA 27A.2925.[1]

The administrator of the estate of David W.
Logan, deceased, defaulted (and has not filed a
brief on appeal) while defendants Berz (hereinafter
referred to as defendants) answered claiming that
the contribution statute did not apply because
they were not joint tortfeasors. Both sides moved
for summary judgment and the court, in an opin-
ion dated October 6, 1978, ruled that plaintiff was
not entitled to contribution because of the passive
nature of the defendants' liability. Plaintiff moved
for rehearing and the court, after again reviewing
the facts and the law, issued a supplemental opin-
ion on November 5, 1979, affirming the previous
opinion. A judgment in favor of defendants was
issued on November 21, 1979, from which plaintiff
appeals as of right.

On appeal, plaintiff argues that the trial court
erred when it held that it was not entitled to
contribution pursuant to MCL 600.2925; MSA
27A.2925. We agree and reverse the decision of the
trial court.

MCL 600.2925; MSA 27A.2925 provided:

"(1) *Whenever a money judgment has been recovered
jointly against 2 or more defendants in an action for
bodily injury or death resulting therefrom, or property
damage, and such judgment has been paid in part or in*

---

[1] This statute has been repealed and replaced by MCL 600.2925a;
MSA 27A.2925(1) for torts committed on or after January 1, 1975.
The new statute does not apply to the instant case.

*full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment.* Joint tortfeasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution." (Emphasis added.)

We find that the above-quoted, italicized language is dispositive of the instant case. In the instant case, plaintiff has paid more than its pro rata share of costs, interest and principal in a judgment wherein plaintiff, the estate of Logan and defendants were found jointly and severally liable. This joint judgment against all the original defendants brings them within the provisions of MCL 600.2925; MSA 27A.2925. See, generally, *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975).

The time for defendants to dispute the basis and/or extent of their liability was during the original suit in a cross-claim against plaintiff. Once the joint judgment was rendered it was too late for defendants to litigate the question of the extent of their liability as joint tortfeasors under MCL 600.2925. In reaching this conclusion we note that the second sentence of MCL 600.2925 is not applicable to the facts of the instant case. This case does not involve putative joint tortfeasors summoned in as third-party defendants.

For the foregoing reasons the decision of the trial court is reversed. Costs to plaintiff.