PIPER AIRCRAFT CORPORATION v DUMON

Docket No. 70006. Argued April 4, 1984 (Calendar No. 16).—Decided December 28, 1984. Released February 1, 1985.

Piper Aircraft Corporation, the manufacturer of a certain aircraft, brought an action in the Oakland Circuit Court against Gerald M. Dumon, administrator of the estate of David W. Logan, deceased, the pilot of the aircraft, and Milton H. Berz, Jr., and Mary Jane Berz, the owners of the aircraft, for contribution for payments over and above its pro-rata share made on a judgment against all the parties, jointly and severally, for damages to several persons injured in a crash of the aircraft. The court, John N. O'Brien, J., granted the Berzes' motion for summary judgment, holding that the Berzes were not joint tortfeasors within the meaning of the contribution statute. On rehearing, the court reaffirmed its decision, concluding that in Michigan an owner who is negligent only by reason of the aircraft owners liability statute is not a joint tortfeasor. The Court of Appeals, Danhof, C.J., and M. J. Kelly and Sullivan, JJ., reversed, holding that whenever a money judgment has been recovered jointly against two or more defendants in an action for bodily injury or death and such judgment has been paid in part or in full by one or more of the defendants, each defendant who has paid more than his own pro-rata share is entitled to contribution (Docket No. 44871). The defendant appeals.

In a unanimous opinion by Justice Ryan, the Supreme Court held:

Under the former contribution statute, where a money judgment was recovered jointly against two or more defendants in an action for bodily injury, a defendant who paid more than his pro-rata share of damages to the injured party was entitled to contribution against the other defendants for the excess paid, even where the liability of the other defendants was vicarious. It was not necessary that the defendant claiming contribution be a joint tortfeasor.

1. The doctrine of contribution is founded on principles of

REFERENCE FOR POINTS IN HEADNOTE
18 Am Jur 2d, Contribution § 39 et seq.

equity and natural justice and rests on the principle that when the parties stand *in aequali jure,* the law requires equality, which is equity, and one of the parties will not be obliged to bear more than his just share of the common burden or obligation to the advantage of his co-obligors. The doctrine was incorporated into the former contribution statute, authorizing contribution for a defendant who paid more than his pro-rata share of a judgment for bodily injury recovered jointly against two or more defendants. It was not necessary that the claimant be a joint tortfeasor. In this case, judgments were recovered against all the parties in an action for bodily injury, and the plaintiff paid damages greater than its pro-rata share. Thus, the plaintiff is entitled to seek contribution under the statute.

2. The passive nature of defendants' ownership in no way frees them from their obligations to pay contribution. The active/passive negligence doctrine does not apply to a claim for contribution. Rather, the doctrine derives from the doctrine of indemnification. In this case, the judgments recovered against the parties were based on joint and several liability. The plaintiff's theory of recovery is based on contribution, not indemnity. No authority has been shown to permit, nor has an argument been made requesting extension of the rules governing indemnity to actions for contribution.

Affirmed.

111 Mich App 613; 314 NW2d 709 (1981) affirmed.

CONTRIBUTION — MONEY JUDGMENT.

A defendant who paid more than his pro-rata share of a judgment recovered jointly against the defendant and other defendants in an action for bodily injury was entitled to contribution against the other defendants for the excess paid, even where the liability of the other defendants was vicarious; it was not necessary that the defendant claiming contribution be a joint tortfeasor (MCL 600.2925; MSA 27A.2925, repealed by 1974 PA 318).

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Thomas M. Peters),* for the plaintiff.

*Buchanan & Buchanan, P.C.* (by *G. Cameron Buchanan),* for defendants Berz.

RYAN, J. In a previous, underlying cause of action for personal injuries arising out of a plane

crash, a joint and several judgment was rendered against plaintiff Piper Aircraft Corporation, defendant Logan, and defendants Berz. We are asked to determine whether, in this action for contribution, plaintiff Piper Aircraft Corporation may recover from defendants Logan and Berz such amounts as it has paid to the injured persons, over and above its pro-rata share, where the liability of defendants Berz is vicarious, predicated solely upon the aircraft owners statute, MCL 259.180a; MSA 10.280(1). We agree with the judgment of the Court of Appeals and hold that Piper Aircraft Corporation may have contribution against the defendants Berz.

## I

### FACTS

This litigation had its origins in an airplane crash that occurred on March 29, 1969. A Piper Cherokee Six, manufactured by the Piper Aircraft Corporation, was being piloted by David W. Logan[1] and carried four passengers, two of whom were George P. Schwartz and Gregory J. Schwartz. Logan had rented the plane from Milton H. Berz, Jr., and Mary J. Berz, doing business as Berz Flying Service (all collectively referred to as "Berz"). On January 2, 1970, George P. Schwartz and Judith P. Schwartz, and Gregory J. Schwartz and Judith M. Schwartz brought actions for personal injuries sustained by George P. and Gregory J. Schwartz in the aircraft accident. The

---

[1] David W. Logan is deceased, and the complaint filed in the instant case named Gerald M. Dumon as administrator of the Estate of Logan as a party defendant. An amended complaint, dated June 21, 1977, was filed alleging that James A. Logan was the successor to Dumon. We are advised that David W. Logan was uncollectible, that the Estate of Logan did not answer the complaint in the subsequent action for contribution, and that a default was entered.

Schwartzes sought a joint and several judgment against Piper, Logan, and Berz. It appears that the liability of Piper was predicated on a products liability theory based upon a claim of defective design of a fuel tank switch. The liability of Berz was based on 1958 PA 114, the aircraft owners statute, an amendment to the Aeronautics Code (1945 PA 327), MCL 259.180a; MSA 10.280(1).[2]

Those actions were tried to a verdict before a jury and judgments were entered in favor of the plaintiffs on August 14, 1974.

The jury verdict in favor of Gregory J. Schwartz was in the amount of $136,500 against "defendants

[2] MCL 259.180a; MSA 10.280(1) provides:

"(1) *The owner or operator or the person or organization responsible for the maintenance or use of an aircraft shall be liable for any injury occasioned by the negligent operation of the aircraft, whether the negligence consists of a violation of the provisions of the statutes of the state, or in the failure to observe ordinary care in the operation, as the rules of the common law require.* No person transported by the owner or operator or the person responsible for the maintenance or use of any aircraft as a guest without payment for such transportation shall have a cause of action for damages against the owner or operator or person responsible for the maintenance or use of the aircraft for injury, death or loss, in case of accident, unless the accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator or the person responsible for the maintenance or use of the aircraft, and unless the gross negligence or wilful and wanton misconduct of the owner or operator or the person responsible for the maintenance or use of the aircraft contributed to the injury, death or loss for which the action is brought.

"(2) 'Guest' means any person other than an employee of the owner or registrant of the aircraft, or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except any passenger for hire and except any passenger while the aircraft is being used in the business of demonstrating or testing. The sharing of expense shall not constitute a carriage for hire within the meaning of this act.

"(3) 'Person or organization responsible for the maintenance or use of an aircraft' shall not include a mechanic who has performed work on or furnished materials, supplies or equipment for an aircraft or any employee of the mechanic when the mechanic is an independent contractor." (Emphasis supplied.)

See MCL 257.401; MSA 9.2101 for similar provisions regarding motor vehicles.

The Estate of David W. Logan, Deceased, Milton H. Berz, Jr. and Mary Jane Berz, Individually and doing business as Berz Flying Service, and Piper Aircraft Corporation, a foreign corporation, *jointly and severally.*" The jury also returned a verdict against the same defendants, jointly and severally, in favor of Judith M. Schwartz in the amount of $36,750, in favor of George P. Schwartz in the amount of $215,250, and in favor of Judith P. Schwartz in the amount of $57,750. The judgments provided for taxed-costs and for interest from the date of filing the complaint.[3]

On August 26, 1974, Logan and Berz paid 50 percent of the judgments owed to Gregory J. Schwartz and Judith M. Schwartz, including principal and interest. On the same date, Logan and Berz paid an amount somewhat less than 50 percent of the judgments, in favor of George P. Schwartz and Judith P. Schwartz.[4]

Over two years later, on January 4, 1977, shortly after this Court originally denied Piper's application for leave to appeal, Piper paid the remaining 50 percent owing on the judgments in favor of Gregory J. Schwartz and Judith M. Schwartz, as well as costs and interest on costs. On the same date, Piper paid the balance of the

[3] Piper appealed; however, the Court of Appeals affirmed the trial court on July 22, 1976. This Court denied an application for leave to appeal, *Schwartz v Estate of Logan,* 398 Mich 804 (1976).

[4] Specifically, concerning the judgments in favor of Gregory J. Schwartz and Judith M. Schwartz, on August 14, 1974, Logan and Berz paid 50 percent of: 1) the $136,500 judgment in favor of Gregory J. Schwartz; 2) the $38,060.75 interest due on the Gregory J. Schwartz judgment; 3) the $36,750 judgment in favor of Judith M. Schwartz; and 4) the $10,247.01 interest due on the Judith M. Schwartz judgment. With regard to the judgments in favor of George P. Schwartz and Judith P. Schwartz, Berz and Logan also paid, on August 26, 1974: 1) $78,846 on the $215,250 judgment in favor of George P. Schwartz; 2) 50 percent of the $60,018.76 interest owed on the judgment in favor of George P. Schwartz; 3) $21,154 on the $57,750 judgment in favor of Judith P. Schwartz; and 4) 50 percent of the $16,102.51 interest owed on the judgment in favor of Judith P. Schwartz.

judgments in favor of George P. Schwartz and Judith P. Schwartz.[5]

Less than six months later,[6] on June 21, 1977, Piper filed a complaint in the Oakland Circuit Court claiming, pursuant to MCL 600.2925; MSA 27A.2925, "contribution and/or recovery of payment beyond its pro rata share" from Berz and Logan, jointly and severally, in the amount of $44,049.06.[7] Berz answered the complaint, admitting indebtedness to plaintiff Piper but only in the amount of $1,929.52. However, Berz explicitly denied that it was a *joint tortfeasor* with Piper, and averred that, as a result, MCL 600.2925; MSA 27A.2925 had no application to plaintiff's alleged cause of action. Berz advises us, although without record support, that defendant Logan did not answer the

---

[5] Specifically, Piper paid: 1) $102,020.57 in partial satisfaction of the judgment in favor of Gregory J. Schwartz [$68,250 was attributed to principal, $30,073.13 was attributed to interest, $3,250 was attributed to costs, and $447.44 was attributed to interest on costs], 2) $26,083.34 in partial satisfaction of the judgment in favor of Judith M. Schwartz [$18,375 was attributed to principal, $7,708.34 was attributed to interest], 3) $185,785.28 in partial satisfaction of the judgment in favor of George P. Schwartz [$136,404 was attributed to principal, $49,219.68 was attributed to interest, $142 was attributed to costs, and $19.60 was attributed to interest on costs], 4) $49,801.23 in partial satisfaction of the judgment in favor of Judith P. Schwartz [$36,596 was attributed to principal, $13,205.23 was attributed to interest].

[6] MCL 600.2925(4); MSA 27A.2925(4), repealed, 1974 PA 318, provided that "[a]ny claim for contribution hereunder must be asserted within 6 months after discharge by such party of the common liability, or payment of more than his pro rata share."

[7] In particular, Piper asserted that it was entitled to recover excess pro-rata payment to George P. Schwartz of $28,779 of principal, $4,053.08 of interest on the amount from August, 1974 to January 1, 1977, plus interest to the final date of determination of this complaint. Further, Piper asserted that it was entitled to recover excess pro-rata payments to Judith P. Schwartz of $7,721.25 of principal, $1,087.41 in interest from August, 1974 until January 1, 1977, plus interest to final date of determination of this complaint. Lastly, Piper contended that it was entitled to 50 percent of the costs ($100.82) in the case of George P. Schwartz and Judith P. Schwartz, as well as the costs ($1,625) taxed in the Gregory J. Schwartz and Judith M. Schwartz case, together with interest thereon for a total of $2,307.

complaint in this action for contribution, and that a default judgment has entered.

Piper moved for summary judgment on April 13, 1978, pursuant to GCR 1963, 117.2(2) and (3). The brief in support of Piper's motion cited MCL 600.2925a(2); MSA 27A.2925(1)(2), the amended contribution statute. See fn 9. Berz answered Piper's motion, again asserting that plaintiff and defendants were not *joint tortfeasors* and that Berz had been only vicariously liable to the Schwartzes by virtue of the aircraft owners statute. Berz also claimed that the amended contribution statute was applicable only to torts committed on or after January 1, 1975. On September 6, 1978, Berz filed a counter motion for summary judgment pursuant to GCR 1963, 117.2(1), claiming, in essence, that Berz was not a joint tortfeasor and that, as a matter of law, since it was not a joint tortfeasor, it was not liable for contribution.

After a hearing on the cross motions for summary judgment, the Oakland Circuit Court, by opinion dated October 6, 1978, and judgment dated October 24, 1978, denied Piper's motion and granted Berz' motion for summary judgment of no cause of action against Piper. Relying on this Court's opinion in *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970), the trial court concluded that Berz was not a *joint tortfeasor* within the meaning of the contribution statute. Analogizing to the liability imposed upon an automobile owner under the civil liability act for negligent operation of the vehicle by another, MCL 257.401; MSA 9.2101, the trial court stated that the liability imposed on the owner of an aircraft was similar and that such liability is imposed after a finding of negligent operation on the basis of the passive fact of mere ownership of the aircraft. The trial court stated: "The fact that

the owner's negligence in this case was passive defeated a claim for contribution."

Both Piper and Berz moved for rehearing, and on November 5, 1979, the trial court issued a supplemental opinion reaffirming its prior decision that plaintiff was not entitled to contribution. In its opinion, the trial court concluded that "[t]he rule in Michigan remains that an owner negligent only by reason of the owner liability statute is not a joint tortfeasor," quoting *Brinks v Chesapeake & Ohio R Co,* 295 F Supp 1318, 1321 (WD Mich, 1969), and that since Piper and Berz were not joint tortfeasors, the right to contribution did not apply.

Piper appealed, and the Court of Appeals reversed the decision of the trial court. 111 Mich App 613; 314 NW2d 709 (1981). The Court of Appeals found that the contribution statute, MCL 600.2925; MSA 27A.2925, was dispositive of the case, stating that the joint judgment against all original defendants, Logan, Berz, and Piper, brought them within the provisions of the contribution statute. The Court noted that Piper had paid more than its pro-rata share of costs, interest, and principal in a judgment wherein all three original defendants were found jointly and severally liable. The Court of Appeals further stated that the time for defendant Berz to dispute the basis and extent of their liability was during the original suit in a cross-claim against Piper; it explained that once the joint judgment was rendered, it was too late for Berz to litigate the question of the extent of their liability as joint tortfeasors under the contribution statute.[8]

---

[8] By complaint filed February 18, 1982, Berz filed suit against Piper, an alleged active tortfeasor, seeking recovery on the theory of indemnity for all sums that Berz was required to pay as a result of the action based on the contribution statute. Berz prayed for a judgment requiring Piper to indemnify them "for any and all sums previously

Berz moved for rehearing, which was denied on July 27, 1982. Berz then filed an application for leave to appeal here, and this Court granted leave on December 6, 1983. 418 Mich 879 (1983).

## II

### ANALYSIS

We begin our inquiry with the statute that was in effect when the underlying cause of action in this case accrued. MCL 600.2925; MSA 27A.2925 provided:

"Whenever a money judgment has been recovered *jointly* against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other

paid by them arising out of any or all claims" from Oakland Circuit Court Case No. 70-61000, which is one of the original actions brought by the Schwartzes against Piper, Logan, and the Berz. By order filed August 4, 1983, the Oakland Circuit Court granted Piper's motion for summary judgment, relying on *Provencal v Parker*, 66 Mich App 431; 239 NW2d 623 (1976), and *Langley v Harris Corp*, 413 Mich 592; 321 NW2d 662 (1982). In *Langley*, this Court stated: "Indemnity serves to shift the burden of loss when equity so requires; however, the right can only be enforced where liability arises vicariously or by operation of law from the acts of the party from whom indemnity is sought."

Piper asserts, although not based on the record before us, that the reason for the grant of summary judgment in its favor is that Berz' statutory liability arose from the acts of pilot Logan, and not from the actions of Piper. Therefore, the Berz could not maintain an action for indemnity against Piper. Piper represents that this grant of summary judgment has not been appealed.

defendant an amount greater than his pro rata share of the entire judgment."[9] (Emphasis added.)

Piper asserts that it is entitled to contribution from Berz based upon two theories. First, the plain language of the contribution statute allows recovery. A money judgment was *"recovered jointly"* against Piper, Berz, and Logan. Piper paid more than its pro-rata share, and thus Piper may have contribution against Berz. Second, Piper avers that it is entitled to contribution on the basis of this Court's decisions in *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970), and *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975).

Berz answered the motion for summary judgment as well as the complaint, asserting that Piper is not entitled to contribution because Piper and Berz were not *joint tortfeasors.* In addition, Berz, relying on *Moyses, supra,* appears to argue, although it is not entirely clear, that Piper is not entitled to contribution from Berz because Berz' liability was passive rather than active, predicated

---

[9] Repealed, 1974 PA 318. 1974 ·PA 318, § 3 provides that the provisions of that amendatory act apply only to torts committed on or after January 1, 1975. The amendatory act provides, in relevant part:

"Except as otherwise provided in this act, when 2 or more persons become *jointly or severally liable in tort* for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them." MCL 600.2925a(1); MSA 27A.2925(1)(1). (Emphasis supplied.)

Although not relevant to the inquiry before us, MCL 600.2925b; MSA 27A.2925(2) was subsequently amended by 1982 PA 147 to provide:

"In determining the pro rata shares of tort-feasors in the entire liability as between themselves only and without affecting the rights of the injured party to a joint and several judgment:

"(a) Their relative degrees of fault shall be considered.

"(b) If equity requires, the collective liability of some as a group shall constitute a single share.

"(c) Principles of equity applicable to contribution generally shall apply."

solely on the aircraft owners statute, and cites *Provencal v Parker,* 66 Mich App 431, 436; 239 NW2d 623 (1976), that "[a] claim for *indemnity* will only lie against a party guilty of 'active' negligence. . . ." (Emphasis supplied.)

For the reasons discussed below, we hold that Piper may have contribution against Berz, and we affirm the judgment of the Court of Appeals.

### A

Berz concedes that the underlying cause of action was for a money judgment and that it was against two or more defendants, including itself. Berz claims, however, that it cannot be liable to Piper for contribution under § 2925 because it was not a *joint tortfeasor.*

The Legislature enacted the Revised Judicature Act as 1961 PA 236. Section 2925 of the act provided that whenever a money judgment had been recovered *jointly* against two or more defendants in an action for bodily injury, and when such judgment had been paid in part or in full by one or more of the defendants, each defendant who had paid more than his own pro-rata share was entitled to contribution with respect to the excess paid over his own pro-rata share. MCL 600.2925; MSA 27A.2925. Berz asserts that the Court of Appeals overlooked or disregarded this Court's decision in *Moyses, supra,* wherein Berz thinks that this Court stated that the language of the statute clearly meant contribution may only be had from a *joint tortfeasor.*

A careful reading of the case, however, reveals that it did not so hold. What it held was that, under the second sentence of the first section of the statute, when contribution is sought against a third-party defendant who is summoned into the

original action by a principal defendant being sued by the assertedly injured plaintiff, contribution will lie only if the principal defendant and the third-party defendant are joint tortfeasors.

The *Moyses* case, it must be conceded, has been the source of no small amount of confusion. In *Moyses,* the Court stated:

"When one speaks specifically of *joint tortfeasors,* he does not refer (a) to wrongdoers the liabilities of whom arise out of variant legal positions, the concurrently applied but legally different derelictions of whom make them *severally* responsible to the plaintiff in damages, or (b) to the acts or omissions of several who act independently rather than in concert, or (c) to those who may—under present rules of court—be joined as defendants, *by the plaintiff* (see GCR 1963, 206) and held responsible to him for damages sustained on account of their causally cooperating but non-joint acts or omissions, say by the negligence of one, the violation of a statute like the dramshop act by another, and the breach by still another of an express or legally implied warranty." 383 Mich 331-332.

And,

"In general it was, and still is, that where two (or more) persons owe to another *the same duty* and by their common neglect of that duty such other is injured, the two (or more) have committed a joint tort and therefore are *joint tortfeasors.* The Legislature both in 1941 and 1961 presumably employed the phrase according to such specific meaning." *Moyses,* p 329. (Emphasis added.)

This Court in *Moyses* then undertook to correct the "abominations" it saw in § 2925, that is, the failure of § 2925 to provide a substantive right in favor of a person jointly *or* severally liable, not by rewriting § 2925 but "simply by overruling the remnants of Michigan's common-law rule which—

loosely—has barred 'wrongdoers' from the equitable right of contribution where, by the standards of equity, that right exists generally." *Moyses,* p 329. See also *Caldwell,* 394 Mich 415-421.

In addition, the *Moyses* Court stated:

> "From all this it must be assumed that the employment of 'joint tortfeasors,' appearing as it does four times in § 2925, was both advertent and exclusive of what in (3) of § 2925 ['An insurer of a person *jointly or severally* liable'] was permitted in favor of liability insurers only, that is, contribution arising out of a judgment against persons 'jointly *or* severally liable.' In veritable sum, 'joint tortfeasors' only, not other grades or types of severally liable tortfeasors, *may upon third-party discretion of the court have contribution under the second sentence of § 2925(1)."* (Emphasis supplied.) *Moyses,* p 331.

It was the cause of action described in the second sentence of § 2925 about which Justice BLACK was so colorfully writing in *Moyses*—the sentence dealing with third-party practice. That sentence states: "Joint tortfeasors who are summoned in as third-party defendants pursuant to court rule may likewise be liable for contribution." Plainly, it permits contribution only among "joint tortfeasors." However, that sentence is not applicable to this case. Third-party practice is not involved here. Both Piper and Berz were joined as party defendants in the previous action, and joint and several judgments were entered against them. It is noteworthy that, although § 2925's title is "contribution among joint tortfeasors," the first sentence, the one at issue here, does not mention the word "joint tortfeasor" at all. It states simply that "whenever a money judgment has been *recovered jointly* against 2 or more defendants in an action for bodily injury," and the other conditions

of recovery fulfilled, contribution may be obtained.[10] See *O'Dowd v General Motors Corp,* 419 Mich 597; 358 NW2d 553 (1984); *Sziber v Stout,* 419 Mich 514; 358 NW2d 330 (1984).

In *Caldwell v Fox,* 394 Mich 401, 417; 231 NW2d 46 (1975), we stated:

"The general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares."

We have also stated that the doctrine of contribution is founded on principles of equity and natural justice, and that the doctrine rests on the principle that "[w]hen the parties stand *in aequali jure,* the law requires equality, which is equity, and one of the parties will not be obliged to bear more than his just share of the common burden or obligation to the advantage of his co-obligors." *Lorimer v Julius Knack Coal Co,* 246 Mich 214, 217; 224 NW 362; 64 ALR 210 (1929).

---

[10] Similarly, the predecessor act of § 2925, 1941 PA 303, 1948 CL 691.561, made no mention of "joint tortfeasor" when establishing the right of contribution between persons against whom a judgment has been received "jointly":

"Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment: Provided, however, That no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment."

Both the 1939 and the 1955 drafts of the Uniform Contribution Among Tortfeasors Act, 9 ULA, upon which the statute here involved is based, provide the substantive right of contribution for all who are jointly *or* severally liable for the same injuries. *Moyses,* 383 Mich 330.

That doctrine has been incorporated in the statute applicable here. The language of § 2925 is clear and unambiguous and authorizes contribution in an action such as the one before us, providing a judgment is "recovered jointly." The statute does not require, at least under the first section thereof, that a claimant for contribution be a "joint tortfeasor."

Here, the principal plaintiffs, the Schwartzes, obtained judgments against Logan, Berz, and Piper, *jointly and severally.* Those joint and several judgments were recovered in actions for bodily injury. Defendant and third-party plaintiff Piper paid greater than its pro-rata share. Therefore, Piper may seek contribution against the third-party defendant Berz in accord with the plain meaning of the statute.

## B

Berz, although not explicitly, seemingly argues that it is not liable for contribution because its liability is clearly vicarious and passive in nature and arises solely by application of the aircraft owners statute, and thus cannot be joint with that of Piper.

The only case cited by Berz in support of its position is *Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1976). In that case, the Court of Appeals held that a party seeking *indemnity* must be free from active or causal negligence. Berz seems to assert that since it is liable only by virtue of the aircraft owners statute, that it is not *in aequali jure* with Piper. See, generally, 18 Am Jur 2d, Contribution, §§ 38, 39, 55, and 56. In the first place, the jury found all party defendants to be jointly and severally liable. In the second place, pilot Logan, through whom Berz is liable under

the aircraft owners statute, appears to be on equal footing with Piper. Thus, Logan and Piper appear to be *in aequali jure.*

More importantly, Piper's theory of recovery against Berz is not based upon the theory of indemnity, but upon contribution. Indemnity and contribution are not one and the same. There are essential distinctions between contribution and indemnity. *Langley v Harris Corp,* 413 Mich 592, 596-599; 321 NW2d 662 (1982). See, generally, 18 Am Jur 2d, Contribution, § 2. As the Eleventh Circuit Court of Appeals noted, in *Greyhound Lines, Inc v Cobb County, Georgia,* 681 F2d 1327 (CA 11, 1982), the past and present vitality of the active/passive negligence doctrine dichotomy derives only from the doctrine of indemnification. The active/passive negligence doctrine does not apply to a claim for contribution.

As noted in *Langley, supra,* p 597, it has long been held in Michigan that a party seeking indemnity must plead and prove freedom from personal fault, and that has frequently been interpreted to mean that the party seeking indemnity must be free from active or causal negligence. We observed in *Langley* that where active negligence is attributable solely to another and one's own liability arises by operation of law, the latter's negligence is passive. However, the applicability of these statements to an action for contribution has neither been shown nor argued, nor do we see any basis, in the instant case, for extending the rules governing indemnity to actions for contribution. Berz has referred us to no case which would disallow contribution on the facts before us.

We hold that Piper may proceed with its action for contribution against Berz. Piper's claim is squarely within the plain language and meaning

of the statute. The statute requires no further interpretation. Furthermore, our decisions in *Moyses* and *Caldwell* are not to the contrary. Berz' arguments concerning the distinction between active and passive tortfeasors, although a relevant inquiry in an action for *indemnity,* is simply not a meritorious argument in this action for *contribution.* As such, Piper may proceed with its claim for contribution.

The judgment of the Court of Appeals is affirmed.

WILLIAMS, C.J., and KAVANAGH, LEVIN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RYAN, J.