HALL v CITIZENS INSURANCE COMPANY OF AMERICA

Docket Nos. 75597, 75792. Submitted October 12, 1984, at Detroit.—
Decided April 1, 1985.

Patricia Hall was insured by Citizens Insurance Company of
America. In 1973 an accident occurred involving a person
insured by Citizens and an automobile owned by another
person named Patricia Hall. Citizens, with the help of its
attorney, Shaker Brackett, erroneously pursued a subrogation
claim against the wrong Patricia Hall. A default judgment was
entered against Hall, and one of her paychecks was garnisheed
before the matter was straightened out. The maligned Patricia
Hall then filed suit against Citizens Insurance Company of
America, Shaker Brackett, and others in Oakland Circuit Court
alleging breach of contract, malicious prosecution, intentional
infliction of emotional distress, invasion of privacy, and defama-
tion. A mediation panel entered awards of $27,500 against
Brackett and $27,500 against the remaining defendants. Plain-
tiff and Brackett accepted the awards, but the remaining
defendants rejected them. Following trial the jury returned a

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.

[2] 52 Am Jur 2d, Malicious Prosecution § 6 et seq.

[3] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 13 et seq.

[4, 5] 62 Am Jur 2d, Privacy § 26 et seq.
Right of privacy. 14 ALR2d 750.

[6] 50 Am Jur 2d, Libel and Slander §§ 8 et seq., 442.
Defamatory nature of charges or imputations in conditional or
alternative form. 59 ALR2d 928.
Defamatory nature of utterances or statements made, or articles
written, in jest. 77 ALR2d 612.

[7] 50 Am Jur 2d, Libel and Slander § 349 et seq.
What constitutes special damages in action for slander of title. 4
ALR4th 532.

[8] 66 Am Jur 2d, Release §§ 37, 38.
74 Am Jur 2d, Torts § 69.
Release of one joint tortfeasor as discharging liability of others:
modern trends. 73 ALR2d 403.

[9] 5 Am Jur 2d, Arbitration and Award § 139.

[10] 46 Am Jur 2d, Judgments § 433.
74 Am Jur 2d, Torts § 85.

special verdict in favor of plaintiff against the remaining defendants and awarded damages totaling $24,500. Defendants' motion for a directed verdict, which had been held in abeyance, was subsequently denied and plaintiff was granted costs, including attorney fees, Francis X. O'Brien, J. Defendants filed separate appeals from the judgment and from the order awarding costs. The appeals were consolidated. *Held:*

1. Although the jury's verdict might have included damages for mental anguish and related damages not generally recoverable in a breach of contract action absent evidence that they were within the contemplation of the parties at the time the contract was made, defense counsel did not object to the instructions or request any special instruction precluding the award of such damages on the breach of contract theory. Defendants cannot now claim that the jury was improperly permitted to award such damages.

2. The trial court did not err in denying Citizens' motion for a directed verdict as to the malicious prosecution claim. Plaintiff presented a prima facie case of malicious prosecution.

3. The trial court erred in denying Citizens' motion for a directed verdict as to the intentional infliction of mental distress claim.

4. Plaintiff failed to establish a prima facie case of invasion of privacy through intrusion. The trial court erred in denying Citizens' motion for a directed verdict on the invasion of privacy claim.

5. The trial court did not err in denying Citizens' motion for a directed verdict as to the defamation claim.

6. Citizens' failure to object at trial to the exemplary damages verdict form and the exemplary damages award instruction to the jury waives any objection it might have as to the validity of the award of exemplary damages.

7. The settlement between plaintiff and Shaker Brackett entitles Citizens to a setoff against all the judgment awards except the breach of contract award and the exemplary damages award.

8. The trial court did not err in awarding plaintiff costs, including attorney fees, based upon the entire amount of the jury verdict before setoff.

9. The awards of damages on the intentional infliction of mental distress and invasion of privacy claims are vacated, reducing the total amount of the verdict by $7,000, and the case is remanded to the trial court to determine whether, in view of the reduction of the verdict on appeal, plaintiff is entitled to actual costs pursuant to GCR 1963, 316.7.

Affirmed in part, reversed in part and remanded.

BEASLEY, J., dissented. He would affirm the judgment and order of the trial court.

### OPINION OF THE COURT

1. MOTIONS AND ORDERS — DIRECTED VERDICT — APPEAL.

The Court of Appeals, in reviewing a trial court's denial of a defendant's motion for a directed verdict, must view the evidence in a light most favorable to the plaintiff and determine whether a prima facie case was established; if there were material issues of fact upon which reasonable minds might differ, they were properly submitted to the jury.

2. MALICIOUS PROSECUTION — TORTS.

The elements which establish malicious prosecution include: (1) the present defendant instituted a prior legal action against the present plaintiff, (2) the prior action was terminated in favor of the plaintiff, (3) the defendant lacked probable cause to bring the prior action, (4) the defendant acted maliciously in bringing the prior action, and (5) the plaintiff suffered special injury.

3. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

A showing of conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community must be made in order to recover on a claim of intentional infliction of emotional distress.

4. PRIVACY — TORTS — INVASION OF PRIVACY.

The tort of invasion of privacy has been divided into four separate types of claims: (1) intrusion upon plaintiff's seclusion or solitude, or into his private affairs, (2) public disclosure of embarrassing private facts about the plaintiff, (3) publicity which places the plaintiff in a false light in the public eye, and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

5. TORTS — INTRUSION — RIGHT TO PRIVACY.

A plaintiff, in order to maintain an action for intrusion upon his seclusion or solitude or into his private affairs, must prove that there was (1) an intrusion by the defendant (2) into a matter which the plaintiff has a right to keep private (3) by the use of a method which is objectionable to the reasonable person; this type of claim is analogous to trespass, except that it is unnecessary to show physical invasion onto a person's property.

6. TORTS — DEFAMATION.

The following elements must be proven to demonstrate liability

for defamation: (1) a false and defamatory statement concerning plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective or special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod).

7. TORTS — DEFAMATION — SPECIAL HARM OR INJURY — ACTUAL HARM.

The terms "special harm" or "special injury" as applied in Michigan's law of defamation merely refer to actual harm resulting from the defamatory statement; actual harm includes not only out-of-pocket losses, but also damages for mental and emotional suffering.

8. TORTS — MULTIPLE TORTFEASORS — RELEASE — COVENANT NOT TO SUE — VICARIOUS LIABILITY.

The statute which states that a release or a covenant not to sue or not to enforce judgment given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant or to the extent of the amount of the consideration paid for it, whichever amount is the greater applies in cases where the liability of one of the parties is based on vicarious liability for the acts of another party; its application is not limited to joint tortfeasors (MCL 600.2925d[b]; MSA 27A.2925[4][b]).

9. ACTIONS — MEDIATION — TRIAL — VERDICT — COSTS — COURT RULES.

The court rule governing actual costs payable to a plaintiff where the defendant has rejected a mediation panel's evaluation refers to the amount of the verdict rendered against the defendant before post-trial reductions are made to the verdict by the trial judge pursuant to statute (GCR 1963, 316.7[b][2]).

DISSENT BY BEASLEY, J.

10. TORTS — MULTIPLE TORTFEASORS — SETTLEMENT — SETOFF.

*The amount of a settlement between a plaintiff and a defendant attorney who, in an earlier action, erroneously pursued a subrogation claim against the plaintiff on behalf of a defendant insurer should not be set off against the jury's awards of damages for other torts committed by the defendant insurer where all the outrageous and atrocious conduct performed by the insurer did not arise from actions of the defendant attorney.*

*Condit, McGarry & Schloff, P.C.* (by *Richard P. Condit),* for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike),* for defendant.

Before: Hood, P.J., and Beasley and P. J. Marutiak,* JJ.

Per Curiam. Defendants appeal as of right from a judgment entered on a jury award (No. 75597) and from an order granting plaintiff costs, including attorney fees, pursuant to GCR 1963, 316.7 (No. 75792).

Plaintiff was insured by defendant Citizens through defendant insurance agencies.[1] In 1973 an accident occurred involving a person insured by Citizens and an automobile owned by one Patricia Hall, not the plaintiff herein. As a result of a series of mistakes on the part of defendants and Citizens' attorney, Shaker Brackett, Citizens erroneously pursued a subrogation claim against plaintiff herein. Despite plaintiff's numerous attempts to convince Citizens and Attorney Brackett that she had not been involved in the 1973 accident, a subrogation lawsuit was commenced which resulted in a default judgment in 1979. One of plaintiff's paychecks was garnisheed before the matter was straightened out.[2]

Plaintiff brought the present action against At-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff alleged that she was insured through Conklin-Palmer-Blanchard Insurance Agency or, in the alternative, by Conklin-Palmer Agency. The individual defendants are partners in the agencies. The term "agencies" as used in this opinion refers collectively to the insurance agencies and the individual defendants.

[2] The garnisheed wages were ultimately returned to plaintiff.

torney Brackett and defendants herein.[3] A mediation panel entered awards of $27,500 against Brackett and $27,500 against the remaining defendants. The awards were accepted by plaintiff and Brackett,[4] but rejected by defendants herein. Following trial, the jury returned a special verdict:

"We, the jury, find in favor of the plaintiff, Patricia Hall, against the defendants, Conklin-Palmer-Blanchard Insurance Agency, Conklin-Palmer Insurance Agency, Spencer J. Palmer, Jack R. Blanchard and Richard Goglewski *[sic]* and assess her damages at $5,000.

"We, the jury, find in favor of the plaintiff, Patricia Hall, against Citizens Insurance Company of America and assess her damages as follows:

"a) Breach of Contract: No —; Yes $5000
"b) Malicious Prosecution: No —; Yes $2000
"c) Intentional Infliction of
    Emotional Distress: No —; Yes $3500
"d) Invasion of Privacy: No —; Yes $3500
"e) Defamation: No —; Yes $1500
"f) Exemplary Damages: No —; Yes $9000"

Defendants' motion for directed verdict, which had been held in abeyance, was subsequently denied. Plaintiff was subsequently granted costs, including attorney fees, pursuant to GCR 1963, 316.7. Defendants filed separate appeals from the judgment and from the order awarding costs, and the matters were consolidated.

---

[3] The complaint alleged the following:
Count I, breach of contract against Citizens and the agencies.
The remaining counts were against Citizens and Attorney Brackett:
Count II, abuse of process (later amended to malicious prosecution);
Count III, intentional infliction of emotional distress;
Count IV, defamation;
Count V, invasion of privacy.
Plaintiff sought consequential and exemplary damages on all counts.

[4] Judgment was entered in favor of plaintiff and against Attorney Brackett in the amount of the mediation award.

I

Defendants first challenge the trial court's denial of their motion for a directed verdict. In reviewing this issue, we must view the evidence in a light most favorable to plaintiff and determine whether a prima facie case was established. If there were material issues of fact upon which reasonable minds might differ, they were properly submitted to the jury. *Taylor v Wyeth Laboratories, Inc,* 139 Mich App 389; 362 NW2d 293 (1984). We address this issue with regard to each of the theories presented to the jury. The breach of contract claim applies to all defendants; the remaining counts apply only to defendant Citizens.

*Breach of Contract.* The jury awarded damages for breach of contract in the amounts of $5,000 against Citizens and $5,000 against defendant agencies. Defendants concede on appeal that there was evidence of a breach, but argue that a directed verdict should have been granted because there was no evidence of legally cognizable damages. Defendants contend that the jury's verdict improperly included mental anguish and related damages, which they assert are not recoverable for breach of a commercial contract under *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980), *reh den* 409 Mich 1116 (1980).

It is true that under *Kewin, supra,* damages for mental distress are not generally recoverable in a breach of contract action absent evidence that they were within the contemplation of the parties at the time the contract was made. Although the instructions in this case can be read as permitting recovery of mental anguish and related damages on the breach of contract claim, defense counsel did not object to the instructions or request any

special instruction precluding the award of such damages on the breach of contract theory. Defendants cannot now claim that the jury was improperly permitted to award such damages.

*Malicious Prosecution.* The jury awarded $2,000 on this count. The elements of the tort of malicious prosecution are (1) the present defendant instituted a prior legal action against the present plaintiff, (2) the prior action was terminated in favor of plaintiff, (3) defendant lacked probable cause to bring the prior action, (4) defendant acted maliciously in bringing the prior action, and (5) plaintiff suffered special injury. *Friedman v Dozorc,* 412 Mich 1; 312 NW2d 585 (1981); *Pauley v Hall,* 124 Mich App 255, 260-261; 335 NW2d 197 (1983), *lv den* 418 Mich 870 (1983).

We find that plaintiff presented sufficient proof on each of the elements of malicious prosecution to avoid a directed verdict as to this count. Citizens concedes the existence of the first two elements. With regard to the remaining elements, there was clearly sufficient evidence that Citizens lacked probable cause to proceed against plaintiff, especially in light of plaintiff's several communications to Citizens and Attorney Brackett that she had not been involved in the accident.[5] As to the malice element, we find that the evidence establishing a lack of probable cause also supports a reasonable inference that Citizens acted in reckless disregard of plaintiff's rights in bringing the prior action. Finally, we believe the garnishment action brought by Citizens against the plaintiff is sufficient to establish special injury in this case. We

[5] It should be noted that, although the question of probable cause was submitted to the jury in this case, where, as here, the facts are not in dispute, the probable cause element should be decided as a matter of law. See *Pauley v Hall,* 124 Mich App 255, 265; 335 NW2d 197 (1983), *lv den* 418 Mich 870 (1983).

conclude that plaintiff presented a prima facie case of malicious prosecution.

*Intentional Infliction of Mental Distress.* The jury awarded $3,500 on this cause of action. This Court has adopted the definition found in 1 Restatement Torts, 2d, § 46, pp 71-72, which provides that the cause of action is made out by proof of "extreme and outrageous conduct [which] intentionally or recklessly causes severe emotional distress to another". The theory refers to conduct which is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' ". *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386, 391; 239 NW2d 380 (1976), quoting 1 Restatement Torts, 2d, § 46, Comment d, p 73. See also *Rosenberg v Rosenberg Bros Special Account,* 134 Mich App 342; 351 NW2d 563 (1984), and *Swenson-Davis v Martel,* 135 Mich App 632; 354 NW2d 288 (1984).

We agree with Citizens that plaintiff failed to establish a prima facie case of intentional infliction of mental distress. Viewing the evidence in a light most favorable to plaintiff, we do not believe that a reasonable factfinder could conclude that Citizens' conduct met the standard described above. The trial court erred in denying the motion for a directed verdict as to this count.

*Invasion of Privacy.* The jury returned a verdict of $3,500 on this count. This tort was described in *Lewis v Dayton-Hudson Corp,* 128 Mich App 165, 168; 339 NW2d 857 (1983):

"The tort of invasion of privacy has been divided into four separate types of claims. See Prosser, Torts (4th ed), § 117, p 804. The four are: (1) intrusion upon plaintiff's seclusion or solitude, or into his private af-

fairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and, (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Beaumont v Brown,* 401 Mich 80, 95; 257 NW2d 522 (1977)."

According to the instructions given by the trial court, the present case involves only the first type of claim, intrusion upon plaintiff's seclusion. In order to maintain an action for intrusion, plaintiff must prove that there was:

"(1) an intrusion by defendant; (2) into a matter which plaintiff has a right to keep private; (3) by the use of a method which is objectionable to the reasonable person." *Lewis, supra,* p 169, citing *Earp v Detroit,* 16 Mich App 271, 276-277; 167 NW2d 841 (1969).

This type of claim is analogous to trespass, except that it is unnecessary to show physical invasion onto a person's property. *Lewis, supra,* p 168. See also *Beaumont v Brown,* 65 Mich App 455; 237 NW2d 501 (1975), *rev'd on other grounds* 401 Mich 80; 257 NW2d 522 (1977).

This Court agrees with Citizens that plaintiff failed to establish a prima facie case of this type of invasion of privacy. No secret or private matter was discovered by Citizens. We conclude that the elements of the intrusion form of invasion of privacy were not shown and that the trial court erred in denying the motion for a directed verdict as to this count.

*Defamation.* The jury returned a verdict of $1,-500 on this claim. The elements of defamation have been stated as follows:

"(a) a false and defamatory statement concerning plaintiff; (b) an unprivileged publication to a third

party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod). Restatement Torts (2d), § 558." *Postill v Booth Newspapers, Inc,* 118 Mich App 608, 618; 325 NW2d 511 (1982), *lv den* 417 Mich 1050 (1983).

Citizens concedes on appeal that plaintiff established all the elements of this tort except the existence of "special harm". Although the terms "special harm" or "special injury" have different meanings in different contexts, we believe that, in Michigan's law of defamation, the terms merely refer to *actual harm* resulting from the defamatory statement. Actual harm includes not only out-of-pocket losses, but also damages for mental and emotional suffering. See *Peisner v The Detroit Free Press, Inc,* 421 Mich 125; 364 NW2d 600 (1984); 3 Restatement Torts, 2d, Comments to §§ 620, 621, pp 316-321; MCL 600.2911; MSA 27A.2911. We find that plaintiff in the instant case presented sufficient evidence of actual damages to warrant submission of the defamation claim to the jury.

*Exemplary Damages.* The jury awarded $9,000 in exemplary damages. Citizens now challenges the award, contending that its effect was to grant a double recovery for plaintiff's mental distress damages.

The form of the jury verdict makes it impossible to determine which of the substantive tort theories formed the basis of the jury's award of exemplary damages. Defense counsel did not object to the verdict form or to the instructions on exemplary damages, and, in fact, the exemplary damages instruction was drafted and expressly approved by defense counsel. Citizens cannot now be heard to

complain that the instruction unfairly permitted
double compensation for plaintiff's mental distress
damages. Citizens' failure to object has waived this
issue.

## II

Citizens next argues that the trial judge erred in
denying its motion to set off against the judgment
a portion of the amount paid to plaintiff in settle-
ment of her claim against Attorney Brackett. Citi-
zens    relies    on    MCL    600.2925d(b);    MSA
27A.2925(4)(b), which states:

"When a release or a covenant not to sue or not to
enforce judgment is given in good faith to 1 of 2 or
more persons liable in tort for the same injury or the
same wrongful death:

*     *     *

"(b) It reduces the claim against the other tort-feasors
to the extent of any amount stipulated by the release or
the covenant or to the extent of the amount of the
consideration paid for it, whichever amount is the
greater."

Citizens concedes that there can be no setoff
against the breach of contract damages[6] but argues
that the tort damages must be set off by plaintiff's
settlement with Attorney Brackett. We agree in
part.

The statute plainly applies where a release is
obtained by "1 of 2 or more persons liable in tort
for the same injury". The trial court found the
statute inapplicable because Citizens and Brackett
were not joint tortfeasors and because Citizens'
liability was, at least in part, vicarious liability for

---

[6] This is apparent because the statute concerns only persons "liable
in tort". Furthermore, no breach of contract claim was alleged
against Attorney Brackett.

the acts of its agents. We find, however, nothing in the plain language of the statute which would limit its application to joint tortfeasors. Plaintiff's allegations of tort applied to both Citizens and Attorney Brackett; there were no separate or severable claims against Brackett. Furthermore, we do not believe the setoff provided in § 2925d(b) is rendered inapplicable merely because a portion of Citizens' liability may have been based on vicarious liability for the acts of Attorney Brackett. See *Piper Aircraft Corp v Dumon,* 421 Mich 445; 364 NW2d 647 (1984).

Plaintiff asserts that, in any event, the $9,000 exemplary damages award is not subject to setoff because it was based solely upon the specific conduct of Citizens. We agree. Although plaintiff's theory against Citizens was based both on Citizens' own wrongful conduct and on its vicarious liability for the acts of its agents, the exemplary damages instruction stated:

"I charge you that you are entitled to award exemplary damages to Patricia Hall, if you find that *the defendant Citizens Insurance Company's* conduct was malicious or so reckless and wanton as to demonstrate a reckless disregard of the plaintiff's rights.

"Exemplary damages are additional compensation to the plaintiff for humiliation, sense of outrage and indignity resulting from the defendant's action and not as punishment of the defendant." (Emphasis added.)

In view of this instruction, we conclude that the exemplary damages award was based solely on Citizens' own wrongful conduct. Since Attorney Brackett was not liable in tort for the injury underlying the exemplary damages award, the setoff provided by § 2925d(b) is inapplicable. We conclude that defendant Citizens is entitled to a setoff against the judgment except as to the breach

of contract award and the exemplary damages award.

### III

Defendants finally challenge the trial court's award of costs, including attorney fees, under GCR 316.7. The court rule provides in pertinent part:

"7. Effect of Mediation.

"(a) If all the parties accept the panel's evaluation, judgment will be entered in that amount, which includes all fees, costs, and interest to the date of judgment.

"(b) If any party rejects the panel's evaluation, the case proceeds to trial in the normal fashion.

\* \* \*

"(2) If the plaintiff accepts the evaluation but the defendant rejects it and the case proceeds to trial, the defendant must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent below the panel's evaluation or pay actual costs to the plaintiff."

"Actual costs" are defined in GCR 1963, 316.8 to include reasonable attorney fees.

Defendants contend that subrule 316.7(b)(2) applies to their net position after the setoff. We do not agree. Since the rule refers to the amount of the *verdict*, we believe that post-trial reductions pursuant to statute, which are made by the trial judge,[7] are not to be considered under GCR 1963, 316.7(b)(2).

We have found that the trial judge erred in failing to direct a verdict as to the intentional

[7] See *Brewer v Payless Stations, Inc*, 412 Mich 673, 679; 316 NW2d 702 (1982).

infliction of mental distress and invasion of privacy counts. The awards on those counts are vacated, thus reducing the total amount of the verdict by $7,000. The case is remanded to the trial judge to determine whether, in view of the reduction of the verdict on appeal, plaintiff is entitled to actual costs pursuant to GCR 1963, 316.7.

Affirmed in part, reversed in part and remanded for entry of judgment in accordance with this opinion.

BEASLEY, J. *(dissenting)*. I respectfully dissent from the majority opinion.

I would affirm the modest jury verdicts that have been awarded plaintiff in this case. Specifically, I do not agree that plaintiff failed to establish a prima facie case of intentional infliction of mental distress. In my opinion, the conduct of defendant insurance company was outrageous and atrocious.[1] The trial judge submitted that issue to the jury, and the jury has spoken. I would not interfere with the jury's award of $3,500 in damages for intentional infliction of mental distress.

Neither would I interfere with the jury's award of $3,500 in damages for invasion of privacy. While this is not the usual invasion of privacy case, the evidence in this case was sufficient to go to the jury, and the instructions regarding invasion of privacy appear to have been in order.

Next, the majority would knock out the awards of damages for malicious prosecution, intentional infliction of emotional distress, invasion of privacy and defamation, being a sum of $10,500, and for $5,000 against defendants insurance agencies, all on a theory that they were entitled to set off against the judgment the amount of the settle-

---

[1] *Frishett v State Farm Mutual Automobile Ins Co,* 3 Mich App 688; 143 NW2d 612 (1966), *lv den* 378 Mich 733 (1966).

ment plaintiff made with defendant lawyer, Shaker Brackett, in the sum of $27,500. I do not agree.

All of the outrageous and atrocious conduct performed by defendant insurance company did not arise from actions of the attorney, Shaker Brackett. In fact, various other employees of defendant insurance company were involved. Under these circumstances, I would not hold that a settlement by plaintiff with defendant attorney, Shaker Brackett, operated as a setoff against the jury's awards of damages for the other torts.

Last, I would affirm the trial court's award of actual costs under the mediation rule. Since I would not allow a setoff for the settlement with Brackett, I would affirm the trial court's award of actual costs.

For the reasons indicated herein, I would affirm the trial court's findings in full.